JAMES B. TURNLEY v. THE TEXAS BANKING & INSURANCE
COMPANY.

(Case No. 1065.)

1. ACTION — PARTIES. — The husband may maintain in his own name an
action to recover the separate property of the wife, or for the wrong-
ful conversion thereof.
2. WITNESS — HUSBAND AND WIFE. — The doctrine that the husband or
wife could not be a witness for or against each other, prior to the
adoption of the Revised Statutes, had no application to a case in
which the husband was offered as a witness in a suit brought by him-
self to recover the separate property of the wife, or for the conver-
sion thereof; in such case he might testify.
3. DISTINGUISHED. — This case distinguished from Gee v. Scott, 48 Tex.,
510.

APPEAL from Galveston.   Tried below before the Hon.
Wm. H. Stewart.

*George Mason* and *A. N. Mills*, for appellant.

*Willie & Cleveland*, for appellee.   The court did not
err in refusing to allow appellant to testify.   Gee *v.*
Scott, 48 Tex., 510; Gilkey *v.* Peeler, 22 Tex., 663; 1
Greenl. on Ev., 334, 341; Hastrok *v.* Vanderroot, 5 Seld.,
153; Dunlap *v.* Hearne, 37 Miss., 471; Burrel *v.* Bull, 3
Sandf. Ch., 25; Hawkesworth *v.* Schuler, 12 Meeson &
Welsby, 45; Hopkins *v.* Smith, 7 J. J. M., 263; 6 Binney,
483.

QUINAN, COMMISSIONER. — Turnley brought this suit in
his own right and for his own benefit, against the defend-
ant, for the recovery of certain railroad bonds and cou-
pons which he avers were the separate property of his
wife, for which he gave defendant an order on Norton
Slaughter & Co., of New York, in whose possession they
were, to deliver them to defendant, and which the de-
fendant undertook to demand, to hold, and collect for

account of plaintiff and pay over the proceeds to him. He avers that defendant did collect and receive the bond and coupons, and has unlawfully and wrongfully converted them to its own use. He sues for the violation of the contract made with him and for redress of the wrong done him. His right to redress is not affected by the fact that the ownership of the bonds converted is said to be in his wife. An agent may sue upon a contract made with him. A factor can sue the buyer or the taker for the price or value of the planter's cotton sold or taken. It is no defense, in either case, that the subject of the contract, or the sale or wrongful taking, was the property of the principal or the planter. But of these bonds, Turnley had the right of possession, and the sole control and management thereof, and by law the increase and profits to be derived from them, became his. Without this, the statute (Pasch. Dig., art. 5636) conferred upon him specially the right to sue, in respect to the separate property of his wife, in his own name. Having thus the right to sue and an interest in the thing sued for, and a right to its possession and profits, the question is presented, whether in this suit Turnley could testify for himself, or whether he was rendered incompetent as a witness by reason of the fact that the bond and coupons were the separate property of his wife.

The statute of 1871 declared that there should be no exclusion of any witness in civil actions because he or she may be a party to or interested in the issue to be tried. And this statute is by its terms broad enough to include the present case. Turnley would be a competent witness unless some other cause than his interest in the suit excluded him. It is insisted that by the common law, "from the time whereof the memory of man runneth not to the contrary," the husband and the wife could not be witnesses for or against each other, and this, not on the ground of interest in the suit, but on the broader

ground of public policy. We have been referred to the case of Gee *v.* Scott, 48 Tex., 510, which recognizes and enforces this rule as the law, and it is insisted that that case is decisive of the present.

There is, however, this essential difference in the cases: There Mrs. Scott was the claimant of the goods levied on. She was the actor, and the suit was to try her right to the property. Her husband was called to testify for her, and was excluded, and this court held rightly, on the ground of public policy. Mrs. Scott did not offer herself as a witness to support her case, and had she done so, we apprehend there would have been no impropriety or violation of public policy in permitting her to testify. Here Mrs. Turnley is not a party to the suit. Turnley is asserting his own rights, claiming damages for the breach of a contract made with him. Why should he be deprived of the privilege accorded to others in like cases to testify in their own behalf? Fairly considered, there is no expression in the case of Gee *v.* Scott which can be strained to support the conclusion that Turnley may not in this case testify for himself. It is only where the suit is brought by one, and the other is called to testify for or against him or her, that the inhibition to testify is enforced. Any other construction of that case here contended for would involve this absurdity, that a married man could never testify in any suit in which he was a party. For it is not possible to cite a civil action by or against a married man in which his wife and her property, under our community laws, and the laws regulating marital rights, are not strictly interested. If it be for or against him for debt or the recovery of property, the result may be to increase or diminish the community, of which the wife living is the equal owner. If it be for the recovery of her separate property, for which it is his duty to sue, or a trespass committed upon it, the result is still the same; it is the loss or the recovery of property or effects, the rents and profits

or the principal of which may become a part of the community. In what scales shall we weigh, or by what rule measure, the amount or directness of that interest in the subject matter of the suit, where public policy shall intervene to prohibit the parties from testifying? We think the limit of prohibition may be well fixed where the case of Gee v. Scott left it, and that it is only where the suit is by one or the other, that the husband or wife may be prohibited from testifying for or against each other.

The Revised Statutes, however, have removed all difficulty from this question. Were the rule invoked by appellee, the true rule of construction of the law as it aforetime was, these statutes might be well termed, "An act for the removal of the disabilities of married men."

We are of opinion that the court erred in refusing to permit Turnley to testify, and for this error that the judgment should be reversed and the case remanded.

REVERSED AND REMANDED.

[Opinion delivered March 8, 1881.]