THOMAS TINSLEY v. JOHN DOWELL.

No. 124.

**1. Variance Immaterial.**

That an agent to sell land contracted it to a purchaser at slightly more onerous terms than reported by the agent to the principal, is not a matter of complaint by the purchaser; and there being evidence tending to show ratification of the acts of the agent, a verdict should be sustained finding such ratification ..................... .............. 26

**2. Agent's Right to Maintain Action.**

The general rule is that one who contracts as agent can not maintain an action in his own name and right upon the contract. To this rule are conceded exceptions, (1) where the agent contracts in his own name; (2) where the agent does not disclose his principal, who is unknown; (3) where by the usages of trade the agent is authorized to act as owner of the property; and (4) where the agent has an interest in the subject matter of the contract; and in this case whether he professed to act as agent or not............................................. 28

### 3. Case in Judgment.

Rogers and wife owned certain city outlots. They placed the land in Dowell's hands to be sold, they to convey to such purchaser as Dowell should indicate. Dowell to receive 2½ per cent commissions and all above a stated price. Dowell made a contract with Tinsley at a price aggregating $900 above his limit. Tinsley failed to comply with the contract, although Rogers and wife were ready to convey upon the terms Dowell had agreed upon. Dowell sued for the excess over the limit. Rogers testified that the land was of equal or greater value than the amount Tinsley had agreed to give. *Held*, that Dowell having shown only an interest in the proceeds of the sale not made, did not show an interest in the property, and could not recover against Tinsley .................................................................. 29

### 4. Measure of Damages.

In such suit it was not alleged that at the time of the default by Tinsley the land had fallen in value below the price agreed to be paid; for that cause the demurrer should have been sustained...................... 32

ERROR to Court of Civil Appeals for Third District, in an appeal from Travis County. Justice KEY did not sit in this case in the Court of Civil Appeals.

*George F. Pendexter*, *Clarence H. Miller*, and *Fisher & Townes*, for plaintiff in error.—1. The facts alleged in the petition show that Dowell was a mere agent of Rogers in making the sale to Tinsley, and that he could not sue in his own name. Steph. on Pl., Tyler's ed., 159; 1 Am. and Eng. Encycl. of Law, 446 and note, 408; Daugherty v. Moon, 59 Texas, 398; Laws. Rights, Rem., and Prac., 124.

2. If Dowell be considered as the vendor, the measure of damages would be the difference between the reasonable value of the land and contract price, and the petition, in stating that the land was well worth the contract price, in legal effect stated there was no cause at action. Robinson v. Varnell, 16 Texas, 383; Day v. Cross, 59 Texas, 595; Kempner v. Heidenheimer, 65 Texas, 587.

3. If Dowell was the owner of the land, the measure of damages would be the difference between the reasonable value of the land and the contract price, and the petition was defective in not stating the value at the date of the alleged breach.

*John Dowell*, for defendant in error.—Under section 192 of Lawson on Contracts, Dowell has the right to maintain this suit, the words being: "But the agent may sue when he has a special interest in the contract (not subject matter) as a factor or an auctioneer." Now, no auctioneer has an interest in the property given to him to auction. He has only an interest in the contract of sale, and in the proceeds to be realized on the sale. Dowell has no interest in the land, but did have an interest in the contract of the sale of the land.

Bishop on Contracts, section 1081: " The agent also, if the principal does not interfere, may in his own name sue on a contract which by its terms is his own."

Volume 1, section 124, of Lawson's Rights, Remedies, and Practice, says: " But the agent may sue in his own name in the following cases: When he has a beneficial interest in the contract, as for example, a factor or an auctioneer. An agent may sue in his own name on contracts made in his own name in which he is interested, as for commissions, or by reason of special interest in the subject matter.

Is not Dowell interested in the contract sued on ? Is he not suing for commissions on it? And was it not made in his name ? All of these propositions must be answered in the affirmative, showing this suit is well brought. Tolan v. Murray, 18 Johns., 24; Atkins v. Amber, 2 Esp., 493; Leeds v. Ins. Co., 6 Wheat., 565; Evrit v. Bancroft, 22 Ohio St., 172; Whitehead v. Patter, 4 Ind., 257; Bryan v. Wilson, 27 Ala., 215; Express Co. v. Croft, 49 Miss., 480; 4 Laws. Rights, Rem., and Prac., " Factors;" 3 Laws. Rights, Rem., and Prac., "Auctioneers."

The court is right in holding that Dowell could sue if he had an interest in the land; but the court does not in the opinion go far enough; Dowell also can sue if he has an interest in the contract, has commissions in it, and if the contract was made in his name.

BROWN, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Travis County, by Dowell, to recover from Tinsley damages for a refusal to comply with a contract for the sale of certain lands made by Dowell to Tinsley, the land being the property of C. M. Rogers and his wife, M. A. Rogers, and placed in the hands of Dowell for sale under a contract set out in the petition, which will appear in the statement of the contents of the petition.

Defendant filed a general demurrer and special exceptions to the petition, which were by the court overruled. Upon a trial judgment was rendered for the plaintiff, from which appeal was taken, and the judgment affirmed by the Court of Civil Appeals.

Plaintiff in error presents the case to this court upon the following grounds of error alleged against the judgment of the Court of Civil Appeals:

1. Because it appears from the findings of fact embraced in the opinion of the Court of Civil Appeals and from the uncontroverted evidence in the record, that Tinsley never agreed to buy the land on the terms on which Dowell represented to the owners he had sold it; and Dowell in making the sale to Tinsley did not act within the scope of his authority, but attempted to make the sale on terms materially different from those originally authorized by Rogers or subsequently ratified by him; and the court's conclusion of law, that the verdict and judgment of the lower

court was supported by the testimony, is not sustained by said court's findings of fact.

2. Because it appears in the allegations of fact in plaintiff's petition that he was merely acting as agent of Rogers in making the alleged sale to defendant, Tinsley, and that he had no such interest in the subject matter of the contract as authorized him to maintain this suit in his name; and the petition was subject to the demurrer urged against it on that ground.

3. Because it appears in said petition that plaintiff's compensation was due him from Rogers and wife, and not from defendant Tinsley; and said petition was subject to the demurrer urged against it on that ground.

4. Because it appears in said petition that the land sold was well worth, at the time of sale, and up to and after the alleged breach of contract of purchase by Tinsley, the amount he agreed to pay for same, and on that account plaintiff could not recover anything on account of the breach; and the petition was subject to the demurrer urged against it on that ground.

5. Because it appears in said petition that the value of the land at the date of the alleged breach of the contract of sale is not given, and if plaintiff is entitled to recover anything as vendor of said land, it would be the difference between the amount contracted to be paid for it by the defendant and the market value of the said land at the time of the breach of contract; and said petition was subject to the demurrer urged against it on that ground.

The first objection is not well taken. The evidence was conflicting as to the ratification by Rogers, and the court correctly sustained the verdict upon that evidence. If it be true that Dowell exceeded the authority from Rogers and wife in contracting for 10 per cent instead of 8, it is not a matter of which Tinsley could complain, unless it affected his action in failing to complete the trade, which is not claimed to have been the case.

The petition contained, in substance, these allegations of fact: C. M. Rogers and M. A. Rogers were the owners, by good title, of the lands described in the petition, and at the date alleged placed the land in the hands of Dowell for sale, on the terms that Dowell might sell the lands to whomsoever he pleased, one tract for not less than $150 per acre and the other for not less than $200 per acre, and Rogers and wife were to make deed to the purchaser if sale was made within a given time. If Dowell sold the land for the price fixed, he was to receive 2½ per cent commissions on the amount. If he sold for more than the specified price, he was to receive 2½ per cent on the amount at that price, and was to have all excess over that sum himself. Within the time fixed by the contract Dowell sold the lands to Tinsley, one tract for $165 and the other for $215 per acre, one-fourth to be paid cash on making deed by Rogers and wife, and the remainder in three equal installments secured by note,

with vendor's lien on the land. That Tinsley knew all the facts as to the contract between Rogers and Dowell, and that the time within which Dowell could sell was limited, and by his default he caused Dowell to lose the commissions and excess in amount of sale to which he would have been entitled.

No definite time was fixed for the completion of the contract, but defendant agreed to come to Austin and close the matter up within a few days, which would have been about the 10th day of June, 1890, and that Tinsley never came to Austin so that a deed could be tendered him, but remained away in order to prevent a tender of the deed. Dowell informed Rogers of the terms of the sale as made, and Rogers ratified it. The land was worth the contract price at the date of the sale, and up to the 4th day of July, 1890, was worth that sum. It is alleged that the time of compliance was extended to the 1st day of September, 1890, but it is not alleged that the extension was at the request of or with the consent of Tinsley. It is not alleged that the land has at any time been of less value than the price Tinsley agreed to pay for it.

Tinsley failed and refused to carry out the contract of purchase, and Rogers and wife were ready and willing, up to the 1st of September, 1890, to make the deed according to the agreement, after which time the plaintiff's right to sell the land ceased, whereby he claims that he was damaged in the sum of $15 per acre, which he would have received on the sale, and also the $2\frac{1}{2}$ per cent commissions.

Defendant filed a general demurrer and the following special exceptions:

Because it is not alleged in said petition that the legal or equitable title to the property therein described was ever in plaintiff.

Because it appears from the allegations of said petition that plaintiff was merely the agent of the owner of said land, and hence has no right of action against this defendant.

Because plaintiff seeks to recover from defendant commissions which it is alleged to be due him from a third party, and not from defendant.

Because the value of the property at the date of the alleged breach of contract of sale is not given, and therefore no damage is shown to the owner thereof by the alleged breach of contract. And upon all of the above demurrers and exceptions defendant prays the judgment of the court.

The demurrers and exceptions were overruled, which ruling the Court of Civil Appeals sustained. Two questions arise upon the demurrer and exceptions:

First. Do the facts alleged show in plaintiff such right as entitles him to maintain suit for the breach of the contract alleged?

Second. Do the allegations show such damages as can be recovered upon the breach of the contract as alleged?

The general rule is, that one who contracts as agent can not maintain

an action in his own name and right upon the contract. Laws. on Con., sec. 192; Mech. on Agency, sec. 753; Story on Agency, sec. 391.

To this general rule there are four exceptions generally recognized by the courts and text writers: first, where the agent contracts in his own name; second, where the agent does not disclose his principal, who is unknown; third, where by the usages of trade the agent is authorized to act as owner of the property; fourth, where the agent has an interest in the subject matter of the contract, and in this case whether he professed to act as agent or not. Story on Agency, sec. 393; Mech. on Agency, sec. 756; Turnley v. B. & I. Co., 54 Texas, 452; Frazier v. Moore, 11 Texas, 760.

Plaintiff's case can not in any way be said to fall within the second or third exceptions, and to sustain his right to sue he must bring himself within the first or the second exceptions, or both.

The facts alleged, so far as they bear upon the question, are, that Rogers and wife placed the land in the hands of Dowell, to be sold by him to any person that he might select, upon given terms within a limited time, they to convey to such purchaser; and Dowell to receive $2\frac{1}{2}$ per cent commissions upon the sales at the given price, and all the land was sold far in excess of the price stated.

The petition alleges that Dowell was not the agent of the owners, Rogers and wife, but was the owner under conditional purchase and sale. These are conclusions of the pleader; the question must be decided upon the facts stated.

Dowell made a contract with Tinsley that the latter would buy the land at a given price, giving notes for a part and paying part in cash, the deed to be made by Rogers and wife. Tinsley knew all the facts as to Dowell's arrangement with Rogers, and that Rogers was to make the deed.

To bring the case within the first exception, it must be held that this was Dowell's personal contract. It will be observed that Dowell had no power to carry out the contract by making a deed to Tinsley, but that act must be performed by the owners of the land. He could not collect the purchase money, according to the allegations, but his sole office was to negotiate a trade.

Generally it is necessary that a contract should be mutually binding upon both parties in order to sustain an action by one for its enforcement or for damages for its breach. 1 Pars. on Con., 475; Mech. on Agency, sec. 211; Corbitt v. Gaslight Co., 25 Am. Rep., 542.

It would be remarkable as a legal consequence that a man who was not bound to convey land, and could not be held liable for a failure to comply with the contract, might maintain a suit against the other party for a failure to complete the purchase. In this case Dowell could not have been made liable for the damages if the land had appreciated in value and Rogers had refused to convey in accordance with the contract. The

contract was that of Rogers and wife, and not a contract of Dowell. The facts do not bring the case under the first exception.

The subject matter of the contract made between Tinsley and Dowell was the land which Rogers and wife authorized Dowell to sell. The question is, did Dowell have any such interest in the land as would authorize him to maintain this action? If Dowell had any such interest, he must have acquired it by his contract with Rogers; and that being an authority to sell land, did not by its terms confer any title upon Dowell; the power to convey was reserved by Rogers and wife. A vendor with no power to make a deed would be an anomaly in the law. It is clear that Dowell acquired no title by virtue of that contract. It must be borne in mind that the interest which the agent has must not be simply in the contract, or in the proceeds to be derived from the execution of the power; it must be an interest in the land itself. Mech. on Agency, sec. 756; Story on Agency, sec. 393. An interest in the subject of contract for the sale of land by an agent can exist only where the power to sell is such as the principal can not revoke. If it is a simple power, it can be revoked at any time before it is executed; if it carries an interest in the land itself, it can not be revoked until the right expires.

This is a fair test of this contract: Did it, as between Rogers and wife and Dowell, vest in the latter such an interest that the former could not revoke it? If so, Dowell can sue on the contract with Tinsley; if not, he can not maintain the suit.

A power to sell land or other property or to collect a judgment, and to receive a part of the proceeds as compensation for services to be rendered in the execution of the power, does not carry an interest in the property or the judgment to the agent, and may be revoked at any time before execution of it. Hunt v. Rousmanier, 8 Wheat., 174; Daugherty v. Moon, 59 Texas, 39; Hartley & Minor's Appeal, 53 Pa. St., 212; Blackstone v. Buttermore, 53 Pa. St., 266; Chambers v. Seay, 73 Ala., 372.

In Daugherty v. Moon, Petrie, the plaintiff in a judgment, gave to Daugherty a power of attorney authorizing him to collect the judgment, and agreeing to give one-half the amount collected for services to be rendered. Daugherty procured execution to be issued, and placed it in the hands of Moon, sheriff, and caused him to levy upon property sufficient to make the full amount of the judgment, which was advertised, but before sale the plaintiff, Petrie, revoked the power of attorney and directed the sheriff not to sell it. Daugherty sued the sheriff and his sureties for failure to sell, claiming that he had an interest in the judgment. The court held that he had acquired no interest in the judgment, and that the revocation of the power terminated his right to control it.

This court quoted with approval from Hunt v. Rousmanier, as follows: "What is meant by a power coupled with an interest? Is it an interest in the subject on which the power is to be exercised, or is it an interest

in that which is to be produced by an exercise of the power? We hold it to be clear, that an interest which can protect a power after the death of a person who creates it must be an interest in the thing itself. In other words, the power must be engrafted on an estate in the thing. The words themselves would not seem to import this meaning. A power coupled with an interest is a power which accompanies or is connected with an interest. The power and the interest are united in the same person.'' The estate in this land was in Rogers and wife, while the power to sell was in Dowell, so that the power and the interest were not united in the same person.

In Chambers v. Seay, supra, Seay gave a power of attorney authorizing Chambers to sell certain mineral lands, which Chambers was to advertise, and from which he was to take and exhibit specimens of ore. Before sale was made Seay revoked the power and sold the land himself. Under the contract Chambers was to receive for his services one-fourth of the proceeds of sale. He sued Seay for that interest. The court held that by the power Chambers acquired no interest in the land, but in the proceeds of sale, and that the power was revocable at any time before sale made.

It is clear that Dowell never had any interest in this land. He does not bring his case within the fourth recognized exception, and therefore he had no right to maintain a suit for the breach of the contract to purchase the land, and the demurrer should have been sustained for that reason.

If, however, Dowell could sue upon the contract, Rogers, as his principal, could have sued, or he might have intervened and controlled the suit, or he might have waived his right or settled the claim. In the suit by Dowell the defendant might interpose any defense that he could make to the suit if brought by the principal. Story on Agency, secs. 403, 404; Mech. on Agency, sec. 757. If Dowell had an interest in the land, as for instance a lien upon it, his right could not be prejudiced, if known to the defendant, by a settlement with the principal, but must be protected. Id.

In case the agent is entitled to sue, the action must be upon the contract made with the defendant; the same measure of damages would govern as if the principal had sued, and resort can not be had to the contract between the agent and his principal in order to determine the amount of recovery. Mech. on Agency, secs. 759, 763; Evrit v. Bancroft, 22 Ohio St., 172; Joseph v. Knox, 3 Camp, 320; Groover, Stubbs & Co. v. Warfield, 50 Ga., 654.

In Evrit v. Bancroft, supra, the plaintiff, as agent, had sold to the defendants a tract of land for a given price, and defendants refused to complete the purchase. Under the contract with the owner of the land the agent was to receive all that the land sold for over a given price. The defendants agreed to pay for the land a sum in excess of the price fixed,

and the plaintiff sued to recover the excess. The court said: "The defendants were no parties to the agreement providing for compensation. Their liability is to be ascertained from their own agreement; and the rule of damages is the same whether the suit is brought in the name of the principal or in the name of the agent as one of the contracting parties. An agent entering into a contract for the sale of property of his principal, in which he binds himself *personally*, acquires no greater rights against the purchaser than he would acquire if he was contracting for the sale of his own property." Tinsley was not a party to the contract between Dowell and Rogers. He agreed to pay a given price for the land, and if he refused to comply with his contract he was liable to Rogers for the damages; or if Dowell can sue his suit must be upon the liability of Tinsley under the contract with Rogers. If at the time of the default the land was worth less than the price agreed to be paid by Tinsley, then Rogers could recover of Tinsley that difference. He could not recover the price to be paid, nor any part of it as such. If, however, the land was of value at the time fixed for the completion of the contract equal to the price to be paid, he could recover nothing, for in a legal sense he had sustained no damage.

If it be held that Dowell can recover from Tinsley as damages for the breach of the contract the sum that he would have made by its fulfillment, without reference to the value of the land, he would recover upon the contract damages for which his principal would have no right of action; or if it be not upon that contract that he recovers, but upon the contract with Rogers, then Tinsley would be held to answer for damages upon a contract to which he was not a party.

If it be said that Dowell can recover the sum claimed as a part of the purchase money agreed to be paid for the land, and Rogers can not recover the remainder of the price, it results in carving out of the cause of action in favor of Rogers one in favor of Dowell, when no right exists in favor of the principal.

If Tinsley by his default became liable to Dowell as damages in the sum that Dowell would have made by a completion of the contract, then in case the land at the default was of less value than the price to be paid, Tinsley would be liable to Rogers for the difference and to Dowell for his damages in addition. It could not be held that he could reduce the claim of Rogers by showing that he was also liable to Dowell for injuries growing out of the same act. If, however, we concede that the damages might be apportioned between Rogers and Dowell, this would be dividing up the cause of action and permitting two suits for one breach and for parts of a gross sum.

Moreover, if the action can be maintained, and Dowell recover from Tinsley what he would have been entitled to from Rogers in case the sale

had been consummated, then Tinsley would be called upon to litigate with Dowell a question of his right to that sum under the contract with Rogers, because in such suit Dowell must establish his right as against Rogers. Indeed, so many complications arise that it is impossible to conceive of a principle upon which the suit could be sustained.

The petition did not show that at the time of default the land was not of value equal to the price agreed to be paid by Tinsley, and the court should have sustained the demurrer for that reason.

The District Court erred in overruling the defendant's demurrer and exceptions to the petition, and the Court of Civil Appeals erred in sustaining the judgment of the District Court, for which errors the judgments of said courts are reversed and this cause is remanded to the District Court for further trial.

*Reversed and remanded.*

Delivered May 14, 1894.