## HARDIE v. DAN SONNENTHEIL CO. (No. 7682.)

(Court of Civil Appeals of Texas. Dallas. Feb. 3, 1917. Rehearing Denied March 10, 1917.)

BROKERS ☞106—ACTION ON LAND CONTRACT —INTEREST OF BROKER.

Where title to land remains in his principal, a broker whose commission is contingent on closing sale has not such an interest in the sale contract as entitles him to sue for its breach although the contract is made in the broker's name.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 149–153; Contracts, Cent. Dig. § 1740.]

Appeal from Dallas County Court; T. A. Work, Judge.

Action by the Dan Sonnentheil Company against H. M. Hardie. From judgment for plaintiff, defendant appeals. Reversed and rendered.

W. P. Donaldson, of Dallas, for appellant. Etheridge, McCormick & Bromberg, of Dallas, for appellee.

RAINEY, C. J. Appellee sued appellant to recover the sum of $500 and interest as liquidated damages for the alleged breach of a contract for the sale of real estate in which appellee, through its agent, McDougal, claimed to be seller and appellant the purchaser. Appellant answered by demurrers and general denial and specially pleaded that appellee had no title or interest in the property, but that the contract was for the benefit of one A. J. Brown, the owner; that appellee was only a broker, or selling agent; that Brown was to make the conveyance; and that there was no mutuality of contract, and denied appellee's right to recover. Appellant further answered that, if appellee had any interest in the land, he had violated the contract in not furnishing an authentic abstract showing in him a good title; that the said $500 was a mere penalty and not enforceable, as there was no damage, said land not having decreased in value; and that he was not responsible for the appellee's payment to Brown of the $250. The court instructed a verdict for appellee, and judgment was entered accordingly for $557.50, from which this appeal is prosecuted.

The evidence shows that A. J. Brown owned the title to land, about which the contract of sale and this controversy arose. Appellee never owned the land nor any interest therein, but is a broker, and, with the object of securing a commission for selling the same for Brown, he approached appellant, with whom a contract of sale was entered into.

This contract recites that H. A. McDougal is seller and appellant purchaser, and that "the payment of $500 upon the execution of the contract and $4,500 to be paid upon the execution and delivery of deed to the property, with the remainder of the purchase price, viz. $8,000 to be paid in notes." On the same day a contract of sale was entered into, which shows on its face to be between A. J. Brown and H. A. McDougal, to convey said land. Both of said contracts contain the following provisions:

"(2) The seller is to furnish the purchaser an authentic abstract showing good record title in the seller to the property to be conveyed. Should said abstract not show good record title in the seller, he shall have a reasonable time (not to exceed 60 days) in which to make said title good. Should said seller not be able to make said title good within said time, then this contract to be void, and the purchase money paid at the time of the execution of this contract to be returned to the purchaser."

"(5) Should the purchaser fail or refuse to comply with the terms of this contract within 60 days from the delivery of abstract showing good record title to said property, then and in such event the cash payment acknowledged herein shall be forfeited to the seller as liquidated damages and in full thereon, and thereafter neither party shall have any action against the other for specific performance hereof."

The contract between A. J. Brown and appellee has this further provision: "Commission of $500 to be paid Dan Sonnentheil Company by seller when trade is closed." McDougal was the agent of appellee and acting for it in the transactions.

On November 1, 1913, appellant drew his check on a Dallas bank for $500 payable to the order of Dan Sonnentheil Company, and delivered it to Dan Sonnentheil and requested that it be not presented until the first of the year. It was held up, and when presented afterwards it was indorsed in red ink, "Payment stopped." An abstract of title was given to appellant, but he did not make any objection to its not showing a good title. The abstract did not show any conveyance to appellee or to McDougal, but did show title to A. J. Brown.

On the trial, at the conclusion of the testimony, appellant requested a peremptory charge to the jury "to return a verdict for the defendant Hardie," which was refused, and instead thereof the court instructed a verdict for the appellee, Sonnentheil Company.

The controlling point in this case is whether or not appellee had such an interest in the contract that entitled him to sue and recover the forfeit of $500 for the breach of the contract.

We understand from the evidence in this case that the title to the land was in A. J. Brown, and that appellant contracted for purchase through Sonnentheil Company, who were acting merely as brokers for the sale thereof, for the purpose of receiving a commission from Brown, which commission was to be paid by Brown. The contract made between Brown and McDougal was evidently entered into for the purpose of better enabling the appellant to facilitate the sale to appellee. The said contract was not intended for appellee to become a real purchaser of the land, for said land was never conveyed to it, and no conveyance in fact made. Brown, if any one, was the only party entitled to the forfeit, and the appellee did not have such an interest as entitled it to sue to recover.

In the case of Tinsley v. Dowell, 87 Tex. 26, 26 S. W. 946, one Rogers and wife placed certain real estate in the hands of appellee Dowell for sale, agreeing to pay him, if sold, 2½ per cent. commission, and agreed that in addition thereto, if Dowell sold for a greater price than fixed by Rogers, he was to have the excess above the price fixed. Dowell contracted with Tinsley to sell for a greater sum than that fixed by Rogers and wife, but Tinsley breached his contract, and Dowell sued him for the commissions and for $15 per acre, the amount he would have received on the sale. Dowell won in the trial court, but on appeal the Supreme Court reversed and remanded the case, holding that Dowell had no such interest in the contract as entitled him to recover.

Sonnentheil Company had no such interest in this case, as it was not prepared to make Hardie a good title. We think the principle of the case of Tinsley v. Dowell, supra, settles this case against appellee, and, so believing, this case having been fully developed, it is reversed, and judgment here rendered for appellant.

Reversed and rendered.