JONES, Justice.
 

 Appellant Mildred Elizondo, “individually and on behalf of those she is authorized to represent,” sued the Texas Natural Resource Conservation Commission (“Commission”), appellee, seeking judicial review of a decision by the Commission approving a Bureau of Reclamation project that would affect land owned by members of Elizondo’s family. The Commission filed a plea to the jurisdiction asserting, inter alia, that Elizondo lacked standing to challenge the Commission’s order because she had no ownership interest in the
 
 *930
 
 land. After an evidentiary hearing, the trial court granted the Commission’s plea and dismissed Elizondo’s suit with prejudice. Eli-zondo perfected this appeal in her individual capacity. We will affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 In December 1994, the U.S. Bureau of Reclamation applied to the Commission for a permit to divert fresh water periodically into a coastal estuary. At that time, Elizondo owned an interest in property located in San Patricio County, Texas, that would be affected by this project. In response to the Commission’s public notice, Elizondo requested a contested-case hearing on the Bureau’s application, asserting in her request that the project “would adversely affect the property owned by the Thomas E. Finch heirs.” Eli-zondo purported to represent ten other persons in the proceeding before the Commission.
 
 [1]
 
 In May 1995, Elizondo transferred her interest in the property by general warranty (gift) deed to five of those individuals, most or all of whom were her children.
 
 [2]
 
 Later in May, each of the five grantees gave Elizondo a power of attorney to act on their behalf.
 
 [3]
 

 In June 1995, the Commission conducted a “party status” hearing at which Elizondo and the Finch heirs allegedly withdrew their hearing request pursuant to a settlement. Believing that no hearing request was then pending from any interested person, the Commission’s executive director signed a final order pursuant to his delegated authority to resolve uncontested matters. Still claiming to act on behalf of both herself and the Finch heirs, Elizondo filed two motions for rehearing — the timeliness of which is a matter of some dispute — urging that they had not in fact withdrawn them request for a contested-case hearing and that the matter was not uncontested. The Commission entered its own final order in September 1995 and denied Elizondo’s second motion for rehearing in November.
 

 In December 1995, Elizondo, “individually and on behalf of those she is authorized to represent,” filed suit in the district court of Travis County against the Commission seeking judicial review of the Commission’s decision, as well as declaratory and injunctive relief. Her petition, which is styled “MILDRED ELIZONDO, et al., Plaintiffs [plural] v. TEXAS NATURAL RESOURCE CONSERVATION COMMISSION, Defendant,” expressly named all ten of the Finch heirs, but designated them “Nominal Plaintiffs, whom Mildred Elizondo is authorized to represent.”
 

 The Commission filed a plea to the jurisdiction asserting that the district court lacked jurisdiction to hear Elizondo’s suit. Following an evidentiary hearing, the court granted the plea on three separate bases: (1) “the Plaintiffs [plural] did not file a sufficient motion for rehearing”; (2) “Plaintiffs’ [plural] declaratory judgment action constitutes an invalid attempt to use the Texas Declaratory Judgments Act in order to attack the final order of the Commission”; and (8) “Plaintiff [singular] Mildred Elizondo, who owns no land affected by the proceeding before the Commission, does not have standing to bring this action on behalf of the affected landowners.”
 

 In order to perfect this appeal, Elizondo filed a “Plaintiffs [singular] Notice of Appeal” in which she stated: “NOW COMES
 
 *931
 
 PLAINTIFF [singular], Mildred Elizondo, a person [singular] that is exempt from filing a cost bond ... and gives notice of her [singular] intent to appeal_”
 

 DISCUSSION
 

 I. Who has perfected an appeal to this Court?
 

 The first question we must address is who is an appellant in this Court. It is obvious that the Finch heirs are not. To the extent the Finch heirs might have been considered more than nominal plaintiffs in the court below, they have not attempted to perfect an appeal and are not now before this Court.
 

 Nor do we think Mildred Elizondo
 
 in her representative capacity
 
 is an appellant. First, her appointment as attorney-in-fact for the Finch heirs did not authorize her to bring suit on behalf of the Finch heirs in her own name in a representative capacity. A power of attorney simply creates an agency relationship.
 
 See
 
 Black’s Law Dictionary 1171 (6th ed.1990). It is well settled in Texas that, with certain exceptions not applicable here, an agent may not bring a suit in his own name for the benefit of the principal.
 
 See Tinsley v. Dowell,
 
 87 Tex. 23, 26 S.W. 946, 948 (1894). This is federal law as well:
 

 An attorney-in-fact is not a real party in interest. The attorney is merely an agent of the real party in interest and does not possess interests sufficient to qualify for real party in interest status. Thus, the attorney-in-fact cannot bring suit in its own name.
 

 4 Moore’s Federal Practice § 17.10[4] at 17-33 (3d ed.1998);
 
 see also Choi v. Kim,
 
 50 F.3d 244, 247 (3d Cir.1995).
 

 Moreover, even if Elizondo were somehow authorized to bring suit in a representative capacity for the benefit of the Finch heirs, she did not perfect this appeal in that capacity. Although Elizondo brought the suit in both her individual capacity and her capacity as representative for the Finch heirs, and although all pleadings, including her own, consistently referred to the “plaintiffs” in plural terms, her notice of appeal was couched in singular terms: “NOW COMES PLAINTIFF, Mildred Elizondo, a person ... and gives notice of her intent to appeal the judgment in this ease.”
 

 Mildred Elizondo in her individual capacity is, in law, not the same person as Mildred Elizondo in her capacity as representative of the Finch heirs:
 

 A person who sues or is sued in his official or representative capacity is, in contemplation of law, regarded as a person distinct from the same person in his individual capacity and is a stranger to his rights or liabilities as an individual. It is equally true that a person in his individual capacity is a stranger to his rights and liabilities as a fiduciary or in a representative capacity.
 

 Alexander v. Todman,
 
 361 F.2d 744, 746 (3d Cir.1966);
 
 accord Bender v. Williamsport Area Sch. Dist.,
 
 475 U.S. 534, 543-44 & n. 6, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (“The fact that Mr. Youngman was sued in his official capacity does not give him standing to appeal in his individual capacity. Acts performed by the same person in two different capacities ‘are generally treated as the transactions of two different legal personages.’ ”);
 
 Airlines Reporting Corp. v. S & N Travel, Inc.,
 
 58 F.3d 857, 862 (2d Cir.1995) (“Where a party sues or is sued in a representative capacity, however, its legal status is regarded as distinct from its position when it operates in an individual capacity.”);
 
 Northern Trust Co. v. Bunge Corp.,
 
 899 F.2d 591, 595 (7th Cir.1990) (“In the eyes of the law a person who sues or is sued in a representative capacity is distinct from that person in his individual capacity.”);
 
 McGinnis v. McGinnis,
 
 267 S.W.2d 432, 435 (Tex.Civ.App.—San Antonio 1954, no writ) (“William L. McGin-nis, the individual, is not the same party as William L. McGinnis, the next friend of Janie Barr’s estate and person.”) (Pope, J.). Accordingly, because Elizondo did not perfect this appeal in her representative capacity, the only appellant before this Court is Eli-zondo in her individual capacity.
 

 II. Did Elizondo in her individual capacity have standing to challenge the Commission’s order?
 

 In her third issue presented, Elizondo challenges the trial court’s ruling that she did
 
 *932
 
 not have standing to bring this suit. The concept of “standing” is an element of subject matter jurisdiction and relates to whether a litigant is the proper person to bring an action.
 
 See Texas Ass’n of Business v. Texas Air Control Bd.,
 
 852 S.W.2d 440, 443-46 (Tex.1993);
 
 Dresser Indus., Inc. v. Snell,
 
 847 S.W.2d 367, 375-76 (Tex.App.—El Paso 1993, no writ). Under the Administrative Procedure Act, only a person who is “aggrieved” by a final order of an agency may sue for judicial review of the order.
 
 See
 
 Administrative Procedure Act, Tex. Gov’t Code Ann. § 2001.171 (West 1997). Under the Texas Water Code, only a person who is “affected” by a ruling, order, or decision of the Commission may bring such a suit.
 
 See
 
 Tex. Water Code Ann. § 5.351(a) (West 1988). “The terms ‘aggrieved’ and ‘affected’ are synonymous and both relate to the requirement that a person show a ‘justiciable interest.’ ”
 
 Hooks v. Texas Dep’t of Water Resources,
 
 611 S.W.2d 417, 419 (Tex.1981).
 

 The general standard for determining whether a particular plaintiff has standing is whether he has such a personal stake in the outcome of the controversy as to warrant his invocation of the court’s jurisdiction and to justify the exercise of the court’s remedial powers on his behalf.
 
 Warth v. Seldin,
 
 422 U.S. 490, 498-99, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975);
 
 see also Nootsie, Ltd. v. Williamson County Appraisal Dist.,
 
 925 S.W.2d 659, 661 (Tex.1996) (“A plaintiff has
 
 standing
 
 when it is personally aggrieved_”);
 
 see generally
 
 1
 
 Texas Civil Practice
 
 § 5.8, at 479 (Diane M. Allen et al. eds., 1992 ed.) (standing “asks whether the
 
 plaintiffs attributes
 
 render him or her a proper person to bring an action to recover on the right asserted”).
 

 Elizondo concedes that when she filed this suit she had no ownership interest in the affected land, having transferred her interest to her children in May 1995. Accordingly, even if the project approved by the Commission damages the land in question, Elizondo will not be “personally aggrieved.”
 
 Cf. Marburger v. Seminole Pipeline Co.,
 
 957 S.W.2d 82, 89-90 (Tex.App.—Houston [14th Dist.] 1997, pet. denied) (husband who had no ownership interest in his wife’s separate real property did not have standing to contest validity of easement over land);
 
 Hollar v. Jowers,
 
 310 S.W.2d 721, 724 (Tex.Civ.App.—Eastland 1958, writ ref'd n.r.e.) (party who had no ownership in land was not entitled to bring suit to cancel deeds). We conclude that, under these circumstances, Elizondo was without standing to bring this action in her individual capacity.
 

 In light of our resolution of Elizondo’s third issue, we need not address her other issues.
 

 CONCLUSION
 

 We affirm the trial court’s judgment dismissing the suit for lack of jurisdiction.
 

 [1]
 

 . The others were Gilbert Elizondo, C.W. Lane, Edward Neill Elizondo, Nancy Helen Elizondo Graham, Elizabeth Louise Elizondo McKeaigg, Carlton Douglas Graham, Don Anderson, Emory Anderson, Kathryn Gretchen Becker Hollister, and Bill Becker. We will refer to this group collectively as the "Finch heirs.”
 

 [2]
 

 . The named grantees in the May 4, 1995 deed were Gilbert Elizondo, Edward Neill Elizondo, Nancy Helen Elizondo Graham, Elizabeth Louise Elizondo McKeaigg, and Carlton Douglas Graham.
 

 [3]
 

 . Elizabeth Louise Elizondo McKeaigg signed an "unlimited power of attorney"; Nancy Helen Elizondo Graham, Carlton Douglas Graham, and Gilbert Elizondo each signed a "general power of attorney”; and Edward Neill Elizondo signed a "special power of attorney” granting Elizondo authority to act on his behalf regarding "matters relating to the heirs of Thomas E. Finch.” Although it is not clear from the record on what basis Elizondo purports to act for the other five Finch heirs, we will assume that a similar principal-agent relationship exists.