Catron, Ch. J.
delivered the opinion of the court.
It is insisted, that no title vested by the contract between Rogers and Buler, no colt then being in existence; that no right can be communicated to property of which the bargainor has no title in possession, actually or potentially. This, as a general proposition, is trae: yet, during the time of gestation, surely, the owner of a female domestic animal, has a potential right to contract for the sale of the increase, to vest in possession of the bar-gainee, when parturition from the mother takes, place. The growing fleece of the sheep, and the crop of fruit or grain of the soil, are the subjects of sale; and why the issues and profits in colts or lambs should not be, it is difficult to apprehend. In horse growing (districts, mares of distinguished reputation and pedigree, are constantly let in effect to breed from; the owner of the mare agreeing to take so much for the chance of the colt for one season, he retaining in his possession the mare, because too valuable to be trusted with another. That the foal in such cases, when dropped, is the property of the hirer of the mare, has never been the subject of doubt. Had Blevins taken the mare into possession, paying so much per annum for her use generally, then he would have been authorized to use her as a brood mare, and to retain the foal. The feeding and attention by the owner could make no difference; it was generally a hiring.
On this foot the plaintiff is entitled to recover. Rogers hired the mare for Blevins for that season of gestation, for her use in breeding; he was to use her in this particular way; still Blevins is entitled to the increase, as if she had been hired for the year generally, with the use unrestricted.
It is next insisted, no consideration passed from Blevins to Buler for the foal. Rogers agreed to give what Bu-ler agreed to take. The consideration was valuable, and for any thing appearing, satisfactory to the parties at the *197 time the contract was made, and the defendant below , . _ . . _ ... cannot be heard to call m question its adequacy m this action for title. Let the judgment be .affirmed. ~
Judgment affirmed.