Jos. M. THOMPSON *et als. v.* THOS. K. THOMPSON, *et als.*

VENDOR'S LIEN. *Statute of limitations.* A third person to whom a portion of the purchase money of land is, by the terms of the grantor's deed, to be paid by the vendee, has, in the absence of an express reservation of lien, the vendor's lien or equity on the land for the payment of the money, but the lien will be barred by the continuous possession of the land by the vendee for seven years from the maturity of the debt.

FROM RHEA.

Appeal from the Chancery Court at Washington. D. M. KEY, Ch.

S. E. CUNNINGHAM and S. J. A. FRAZIER for complainants.

J. C. PYATT and J. R. NEAL for defendants.

COOPER, J., delivered the opinion of the court.

On the 18th day of October, 1857, Thomas Thompson conveyed by deed of that date to the defendants, Thomas K. Thompson, Margaret A. Thompson and Priscilla L. Thompson, his children, a tract of land "for and in consideration and payment" by them of $200 to the complainant Joseph M. Thompson, another child, of $150 to Stephen A. Thompson, another child and the father of the other complainants, and of other moneys to other persons, all of the payments to be made within three years from the date of the deed. The deed was absolute without reserving any lien for the payment of the purchase money. The grantees

went immediately into possession of the land, and have remained in possession ever since.    This bill was filed on the 31st of July, 1875, to recover the two sums of money which were to be paid to Joseph M. Thompson and Stephen A. Thompson respectively, and to subject the land conveyed to the satisfaction of the recovery.    The only material facts stated by the bill, in addition to those recited above, are that the defendant Thomas K. Thompson has repeatedly, within the last six years, promised to pay the $200 and interest due to complainant Joseph M. Thompson, and that Stephen A. Thompson, the father of the other complainants, is dead.    The above named defendants demurred to the bill, but the demurrer was overruled. The defendants then answered the bill.    On the final hearing the Chancellor sustained the bill, and the defendants appealed.

The deed of the 18th of October, 1857, is, in form and substance, a sale of the land therein mentioned to the grantor's three children, in consideration of certain money payments to third persons, and, among others, of $200 to complainant Joseph M. Thompson, and $150 to Stephen A. Thompson, the father of the other complainants.    The acceptance of the deed by the defendants as grantees, it has been held by this court, made them liable to the third persons named for the respective amounts mentioned, as for their own debts, and this without any promise in writing signed by them, the promise not being within the statute of frauds.    *Moore* v. *Stovall,* 2 Lea, 543.    Such third persons, it has also been held, would have a

vendor's lien on the land for the security of the payment, although the sale be absolute without the reservation of a lien by contract.  *Hamilton* v. *Gilbert*, 2 Heis., 680.  But the implied lien or equity of the vendor, it has long been settled, is barred by the statute of limitations of seven years.  *Sheratz* v. *Nicodemus*, 7 Yer., 8.  There being no lien on the land, the remedy for the recovery of the debt was clearly at law, and the demurrer, of which this was one of the assignments, should have been sustained.  It should also have been sustained as against the children of Stephen A. Thompson, on the ground assigned that the bill showed that the debt was barred by the statute of limitations.  It may be added that the evidence fails to satisfy us that there has been any such promise on the part of the defendant Thomas K. Thompson to pay the debt of Joseph M. Thompson as would be binding on him.

The decree must be reversed, and the bill dismissed with costs.