SAN JACINTO RICE CO. v. A. M. LOCK-ETT & CO., Limited.†

(Court of Civil Appeals of Texas. El Paso. March 14, 1912. Rehearing Denied April 3, 1912.)

1. PRINCIPAL AND AGENT (§ 183*) — ACTION BY AGENT.

One who contracts as agent cannot maintain an action in his own name and right upon the contract, unless he contracts in his own name, does not disclose his principal, who is unknown, is authorized to act as owner of the property by the usages of trade, or has an interest in the subject-matter.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 691–700; Dec. Dig. § 183.*]

2. BROKERS (§ 106*)—ACTION BY AGENT.

Where brokers merely submitted a price for certain machinery, and in consequence a contract of purchase was made with the manufacturers, there was no contract with the brokers or liability to them from the purchasers, which will permit them to sue for a balance due on the contract made.

[Ed. Note.—For other cases, see Brokers, Cent. Dig. §§ 149–153; Dec. Dig. § 106.*]

3. PLEADING (§ 8*)—CONCLUSIONS.

Where a petition by brokers to recover a balance due on a contract of sale of machinery charged that the defendant agreed and undertook to buy and accept said machinery from plaintiff when the same might be delivered by manufacturers to common carriers consigned to defendant, and agreed to pay plaintiff a sum stated therefor, the allegations are merely conclusions, and will not support the action, where the contract shows that the plaintiff was really only an agent.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 12–28½; Dec. Dig. § 8.*]

4. EVIDENCE (§ 442*)—PAROL TO VARY WRITTEN INSTRUMENT.

Where a contract for the purchase of machinery provided that certain information be furnished by the defendant to the manufacturers, after which the manufacturers promised shipment in 90 days, parol evidence is admissible to supplement the incomplete contract, so as to determine the actual contract of the parties.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1874–1897; Dec. Dig. § 442.*]

Appeal from District Court, Harris County; W. P. Hamblen, Judge.

Action by A. M. Lockett & Co., Limited, against the San Jacinto Rice Company. From a judgment for plaintiff upon a directed verdict, defendant appeals. Reversed and remanded.

Greer & Minor, of Beaumont, and Hutcheson & Hutcheson and Ben Campbell, both of Houston, for appellant. T. H. Stone, Ford, Crawford & Ford, and E. P. Phelps, all of Houston, for appellee.

McKENZIE, J. This suit was instituted in the district court of Harris county by A. M. Lockett & Co., Limited, to recover from San Jacinto Rice Company a balance alleged to be due on an engine which was sold appellant under a contract, which is set out in the petition as follows: "Beaumont Texas, Nov. 27, 1906. San Jacinto Rice Company, Beaumont, Texas—Gentlemen: For pumping twenty-five thousand gallons per minute against a total head of fifty feet, we would recommend the following equipment: One 30 single suction Worthington volute centrifugal pump with bed plate, pedestal bearings and extended shaft for rope drive. One 20 and 30x42 I. & E. Greenwald cross compound heavy duty engine, designed for 570 I. H. P. at 88 R. P. M. with 125 pounds steam pressure. The necessary material for double rope drive with 35 feet centers drive to consist of 18 tons of 1½ tallow laid transmission rope. We quote you on this material f. o. b. factory with freight allowed to Houston, Texas, price twelve thousand four hundred and seventeen dollars ($12,417.00). Terms of payment: One-half cash upon delivery, balance sixty days thereafter. The manufacturers promise shipment of this material within ninety days of receipt of full information. The fulfillment of this promise being contingent upon strikes, accidents and delays beyond their control. This proposal and its acceptance will constitute a contract. Yours truly, A. M. Lockett & Co., Ltd., by Hy Hutson. Accepted: San Jacinto Rice Company, by W. B. Dunlap, Pres." It is further alleged in the petition, in substance, that at the time of the execution of the contract plaintiff was engaged in the business of soliciting orders for machinery of the kind mentioned in the contract, and "having obtained such orders, of contracting with said manufacturers of such machinery for its manufacture and its delivery to plaintiff or to plaintiff's customers," and that defendant at the time of the execution of the contract knew that this was the nature of its business; that by the terms of the contract plaintiff contracted to order the engine and attachments from I. & E. Greenwald Company of Cincinnati, Ohio, and agreed to use all reasonable efforts to cause said manufacturers to construct said machinery and have it ready for delivery, and to deliver it to common carrier at place of manufacture within

90 days from the time manufacturers should receive final instructions as to the details of construction; that defendant agreed and undertook to buy and accept said machinery from plaintiff when the same might be delivered by said manufacturer to the common carrier, consigned to the defendant, and to pay plaintiff therefor the sum of money mentioned in the contract at the times and in the manner therein specified; "that defendant at the time of contracting with the plaintiff, as above set out, knew that the plaintiff was to have said engine manufactured and constructed by the I. & E. Greenwald Company of Cincinnati, Ohio, and not by any other person or corporation; that said engine was to be manufactured and constructed by said I. & E. Greenwald Company for defendant, the San Jacinto Rice Company, and the said I. & E. Greenwald Company was to fill the order for the engine contracted for in the above set out contract." The other allegations in the petition have reference to manner of fulfillment of the contract, the payments and credits as were made, the amount yet due plaintiff, and an allegation as to fixing materialman's lien against the property; also prayer ·for recovery of the debt alleged to be due and for foreclosure of said materialman's lien.

Defendant filed a general demurrer and filed special exceptions as follows: "And defendant specially excepts to said petition because (1) it does not allege that the legal or equitable title to the engine and other machinery was ever in plaintiff; (2) it appears from said petition that plaintiff was merely an agent or broker, and hence has no such right of action as claimed against defendant, of which exceptions defendant prays judgment." The demurrer and special exceptions were overruled. Defendant also filed plea of general denial and cross-action for damages occasioned by delay in making delivery of the engine. To this cross-action the court sustained exceptions urged by the plaintiff, and upon trial peremptorily instructed the jury to return a verdict for plaintiff, which was accordingly done.

[1] By proper assignment of error appellant complains of the action of the court in overruling defendant's general demurrer and special exceptions, and contends as a proposition that A. M. Lockett & Co., Limited, was merely the agent of the I. & E. Greenwald Company, and was therefore not the proper party to bring this action. Our Supreme Court, speaking through Judge Brown, says: "The general rule is that one who contracts as agent cannot maintain an action in his own name and right upon the contract. * * * To this general rule there are four exceptions generally recognized by the courts and text-writers: First, where the agent contracts in his own name; second, where the agent does not disclose his principal, who is unknown; third, where by the usages of trade the agent is authorized to act as owner of the property; fourth, where the agent has an interest in the subject-matter of the contract, and in this case, whether he professed to act as agent or not." Tinsley v. Dowell, 87 Tex. 23, 26 S. W. 946.

[2] As in the case just cited, plaintiff's case cannot in any way be said to fall within the second or third exceptions, and to sustain its right to sue it must bring itself within the first or ·fourth exceptions, or both. The inquiry then is whether the plaintiff contracted in its own name, or whether it had such an interest in the subject-matter of controversy as would authorize it to bring the suit. It is evident from the contract that the plaintiff is not bound because it does not promise anything, and, unless both plaintiff and defendant are bound so that an action could be maintained by either against the other for a breach, neither will be bound. We think this proposition axiomatic, not admitting of being overthrown so long as the law requires something of value as a consideration for a contract. In the contract plaintiff merely recommends certain machinery, which is to be manufactured and delivered to defendant by another, and quotes a price. Construing the contract, therefore, the plaintiff, having made no promise, is not bound, and, not being bound, it follows that the defendant's promise rests on nothing, and is not bound; the contract as between them being void. As said in Tinsley v. Dowell, supra: "Generally, it is necessary that a contract should be mutually binding upon both parties in order to sustain an action by one for its enforcement, or for damages for its breach." From the contract itself it appears that the only promise is the one made on the part of the manufacturers and the defendant; the proposition submitted being as follows: "The manufacturers promised shipment of this material within 90 days of receipt of full information, the fulfillment of this promise being contingent upon strikes, accidents, and delays beyond their control." This promise was the one accepted by the defendant, the fulfillment of which being upon the manufacturer, who in the instant case is I. & E. Greenwald Company, and not plaintiff, and therefore the plaintiff, not having promised and not being bound, would not be liable for damages for any breach of the contract by I. & E. Greenwald Company. It follows from what has been said that plaintiff's case does not come within the first exception.

The next inquiry is, Did the plaintiff have such an interest in the subject-matter of the contract as would entitle it to bring this suit? It does not appear from the petition that Greenwald Company made assignment of its cause of action, if any it had, nor does it appear from the contract that plaintiff owns an interest in the subject-matter. We think it well established that, where an agent seeks to bring himself within the fourth exception in order to maintain a suit

in his own name against a third party to a contract, he is required to show that his agency or the power under which he acts is coupled with an interest in the subject-matter of the contract. In the case of Daugherty v. Moon, 59 Tex. 397, our Supreme Court quoted with approval from Hunt v. Rousmanier, 21 U. S. 174, 5 L. Ed. 589, as follows: "What is meant by a power coupled with an interest? Is it an interest in the subject on which the power is to be exercised, or is it an interest in that which is to be produced by an exercise of the power? We hold it to be clear that an interest which can protect a power after the death of a person who creates it must be an interest in the thing itself. In other words, the power must be engrafted on an estate in the thing. The words themselves would not seem to import this meaning. A power coupled with an interest is a power which accompanies or is connected with an interest. The power and the interest are united in the same person." In Mechem on Agency, § 759, speaking of the liability of third persons to an agent, it is said: "The liability of third persons to an agent upon a contract made with him is to be ascertained by the contract alone, and cannot be enlarged by reference to any agreement between the agent and the principal by which their mutual rights are to be determined." Thus it will be seen from an examination of the contract that it does not place in plaintiff an interest in the subject of the contract, and it will also be seen that there is no agency coupled with an interest shown to exist. Plaintiff acquired no title in the engine and appliances by virtue of the contract, and does not bring its case within the fourth recognized exception, and therefore it had no right to maintain this suit, and the exceptions should have been sustained.

[3] The petition further alleged "that the defendant agreed and undertook to buy and accept said machinery from plaintiff when the same might be delivered by said manufacturers to common carriers, consigned to defendant, and defendant agreed to pay plaintiff therefor the sums mentioned in the memorandum above set out, at the times and in the manner therein specified." We hold that these are conclusions of the pleader, and that the questions involved must be decided upon the facts stated, and that the contract must be looked to in order to determine the rights of the parties. From the contract we hold that the plaintiff was simply an agent without right to maintain this suit.

[4] Appellant by proper assignments of error complains of the action of the trial court in sustaining special exceptions to its answer, upon the ground that said answer seeks to contradict, alter, vary, and modify the written contract, and by prior agreements and subsequent admissions to place a construction upon the contract contrary to its plain and explicit terms. From an examination of the contract it appears that it is not complete within itself, in that it provides that certain information is to be furnished by the defendant to the manufacturers, after which the manufacturers promised shipment of the material within 90 days. It is well established that in the interpretation of contracts, where on the face of the writing said writing appears to be incomplete, or it fails to embrace part of the stipulations meant, oral evidence may be introduced in connection with the written part, and from the two the actual contract will be determined. This, however, does not mean that a written contract, when expressed in plain and unambiguous language, may be varied or voided by oral testimony. The contrary is true. From a reading of the defendant's answer we hold that same does not seek to vary the terms of the written contract, and the exception to that part of the answer should have been by the court overruled. We will also state that, if upon another trial of the case the plaintiff should show in itself a right to sue and maintain this suit, then in that event the defendant should be allowed by proper pleadings to maintain its cross-action for such damages, if any, as would be proper under the law for any breach of the contract on the part of the manufacturers or of the plaintiff.

The view we take of this case, and from what has been said, it becomes unnecessary for us to discuss in detail the several issues as raised by the other assignments of error.

For the errors committed upon the trial of the case and herein pointed out, we hold that this case should be reversed and remanded.

Reversed and remanded.