SCOTT *v.* LOUISVILLE & N. R. Co.

*(Knoxville*, September Term, 1936.)

Opinion filed November 21, 1936.

CON E. TROUTMAN, of LaFollette, and JENNINGS & O'NEIL, of Knoxville, for plaintiff in error.

C. A. TEMPLETON, of Jellico, and JAMES G. JOHNSON and JAMES B. WRIGHT, both of Knoxville, for defendant in error.

564

Mr. Justice DeHaven delivered the opinion of the Court.

This is an action brought by Frank R. Scott against the Louisville & Nashville Railroad Company to recover damages for the alleged breach of a contract made by him, as agent of the Rex-Jellico Coal Company, covering the sale of 34,500 tons of coal to the railroad company. It was averred in the declaration, in substance, that the railroad company breached the contract by refusing to accept and pay for 22,210 tons of coal it had agreed to take, and that the plaintiff, Scott, had and was entitled to a commission, as agent for the Rex-Jellico Coal Company, of 10 cents per ton on each and every ton of coal which he sold to the railroad company under said contract, and that by reason of this commission he had and was the owner of a property right and interest in said contract.

The contract in question, omitting some of the language immaterial to this controversy, was as follows:

"This contract made and entered into this 9th day of May, 1934, between the Louisville & Nashville Railroad Company, Inc., of Louisville, Ky. (for convenience hereinafter referred to as the 'buyer') and Mr. Frank R. Scott, Agent, Rex-Jellico Coal Co. (for convenience hereinafter referred to as the 'seller') of La Follette, Tenn., under the terms and conditions of which the Buyer hereby purchases and agrees to receive and pay for, and the Seller hereby sells and agrees to ship from Roosevelt mine, Jordan Seam, located at or near La Follette (Campbell Co.), Tenn. the quantity and grade of coal hereinafter stated, upon the terms and subject to the conditions shown below:

"Period: From May 9th, 1934, to March 31st, 1935.

"Quantity: 34,000 Net Tons of 2000 lbs. . . .

"Shipment: . . ., and the Buyer's coal will be shipped in preference to coal for other customers.

"Specification: Four Inch Mine Run—. . .

"Inspection: By Buyer or authorized representative at Seller's mine, en route or at destination. . . .

"Weights: . . .

"Price: One dollar, Sixty-five cts. ($1.65) per Net Ton of 2000 lbs., f. o. b. cars L. & N. Tracks at mines.

"Terms: Cash in Louisville funds on or about the 20th day of the month following shipment.

"Chute Coal: . . .

"Conditions: It is further understood and agreed that if due to market conditions or other causes, the Seller fails to manufacture the grade of coal named in the contract, the Seller will furnish the Buyer with such grade as the Seller may be in position to furnish provided acceptable to the Buyer and within the maximum and minimum weekly tonnage called for.

"Both Buyer and Seller are not to be held responsible for strikes, fires or other causes beyond their control. . . .

"The railroad company also reserves the right to terminate the contract, at its election, in the event the contractor shall, during the term thereof, transport coal, or sell coal to another for transportation by motor vehicle to any market or locality served by rail transportation. . . .

"This contract and all terms and conditions, rights and obligations hereof, shall inure in favor of and be binding upon the heirs, executors, administrators, legal representatives, successors, assigns and lessees of both

parties hereto, but the Seller agrees not to assign this contract or sublet any part thereof without the written consent of the Buyer.

"Date May 9th, 1934, and signed in quadruplicate.

"Louisville & Nashville Railroad Company, Inc.

"By [Sgd.] H. T. Shanks

"General Purchasing Agent.

"Accepted:

"[Sgd.] Frank R. Scott,

"Agt., Rex-Jellico Coal Co."

The declaration alleged that plaintiff fully performed the contract, and that the Rex-Jellico Coal Company, "for which he was acting as agent," fully complied with the same.

Defendant demurred to the declaration on the following grounds, in substance: (1) The declaration shows no maintainable cause of action in favor of plaintiff; (2) the declaration shows that the consideration payable under the alleged contract was to the Rex-Jellico Coal Company, no separate contract having been made between the plaintiff and defendant as to any commission which he might receive from his principal, Rex-Jellico Coal Company; and (3) the declaration does not show any ground or separate cause of action against defendant, based upon any contract which would entitle him to maintain a separate action against defendant for commission under a contract made with the Rex-Jellico Coal Company, to which alleged commission contract defendant was not party.

The trial judge sustained the demurrer and dismissed the suit. The plaintiff, Frank R. Scott, has appealed to this court and assigned errors. The assignments made may be considered together. They raise but one ques-

tion and that is, Does the declaration state a cause of action against the defendant?

It appears from the declaration that Scott, in making the contract with the railroad company, acted in behalf and for the benefit of the Rex-Jellico Coal Company, for which he was agent. By the subject-matter of the contract, which is the manufacture of coal by the Rex-Jellico Coal Company and its sale to the railroad company, by the description of Scott, both in the body of the contract and in the signature, as "Agt., Rex-Jellico Coal Co.," the contract made by Scott clearly appears upon its face to have been intended to bind the Rex-Jellico Coal Company, and not Scott personally. Scott was acting for a disclosed principal, and in making the contract as agent, did not agree to become a party thereto.

In the Restatement of the Law of Agency the rule is thus stated.

"Sec. 320. Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract."

In the comment on this rule it is stated:

". . . One who purports to contract on behalf of a designated person does not manifest by this that he is making a contract on his own account, and only where he so manifests does the agent become a party to the transaction which he makes. In the absence of other facts, the inference is that the parties have agreed that the principal is and the agent is not a party."

The general rule is that one who contracts as agent cannot maintain an action in his own name and right upon the contract. Meacham on Agency, section 2022; Story on Agency (9 Ed.), 391; 3 Corpus Juris

Secundum, Agency, 224. However, there are exceptions to this rule. In *Herron* v. *Bullitt & Fairthorne*, 35 Tenn. (3 Sneed), 497, 500, 501, the court said:

"The cases in which agents acquire rights against third persons, founded upon contracts made by them, are said to be resolvable into four classes.

"First, where the contract is made in writing, expressly with the agent, and imports to be a contract personally with him, although he may be known to act as an agent.

"Secondly, where the agent is the only known or ostensible principal, and therefore is, in contemplation of law, the real contracting party.

"Thirdly, where, by the usage of trade, or the general course of business, the agent is authorized to act as the owner, or as a principal contracting party, although his character as agent is known.

"Fourthly, where the agent has made a contract, in the subject matter of which, he has a special interest or property, whether he professed, at the time, to be acting for himself or not.—Story on Agency, section 393."

It is obvious that Scott could not maintain this suit under either one of the first three of the above rules. Can he maintain his suit under the fourth rule? We think not. He had no special interest, or property, in the subject-matter of the contract. His only claim is for commission for making the sale of the coal. His power as agent was not coupled with an interest in the subject-matter of the contract. His interest was in the proceeds which arose from the exercise of his power as agent in making the sale. In *San Jacinto Rice Co.* v. *A. M. Lockett & Co.* (Tex. Civ. App.), 145 S. W., 1046, 1047, 1048, the court said:

"We think it will establish that, where an agent seeks

to bring himself within the fourth exception in order to maintain a suit in his own name against a third party to a contract, he is required to show that his agency or the power under which he acts is coupled with an interest in the subject-matter of the contract."

In *Sievert* v. *Wood*, 133 Kan., 540, 300 P., 1090, 1092, the court said:

"The authorities hold that the mere interest in commissions to be earned, in case the contract between his principal and the other party is performed, would not of itself be sufficient, but the rule must be limited to those cases in which the agent has a lien upon, or a special property in, the subject-matter. Mecham on Agency (2d Ed.), sec. 2035; *Tinsley* v. *Dowell*, *supra*, 87 Tex., [23], 28, 26 S. W., 946; . . . *San Jacinto Rice Co.* v. *Lockett & Co.* (Tex. Civ. App.), 145 S. W., 1046, 1047."

In 3 Corpus Juris Secundum, Agency, section 226, p. 135, it is stated:

". . . Thus the liability of a third person to the agent for breach of contract does not include the loss of compensation or commission which the agent was to receive from his principal in the event of the performance of the contract by the third person."

In the Restatement of the Law of Agency, section 372, par. 2, it is stated:

"An agent does not have such an interest in a contract as to entitle him to maintain an action at law upon it in his own name merely because he is entitled to a portion of the proceeds as compensation for making it or because he is liable for its breach."

For lack of a special interest, or property, in the subject-matter of the contract, it must be held that the plaintiff has no right of action thereon. We are constrained,

therefore, to affirm the judgment of the trial court in sustaining the demurrer and dismissing the suit. The plaintiff, Scott, will pay the costs of the appeal.