H. Douglas Willard and Jack Gillespie,
Plaintiffs-in-Error,

*v.*

Arvin Claborn and Lincoln American Life Ins. Co.,
Defendants-in-Error.

419 S.W.2d 168.

(*Knoxville,* September Term, 1966.)

Opinion filed September 1, 1967.

Peter L. Niles, Knoxville, for plaintiffs-in-error.

Wayne Parkey, Knoxville, for defendants-in-error.

502

Mr. Justice Dyer delivered the opinion of the Court.

This is an appeal from the action of the trial judge in sustaining a demurrer to the declaration dismissing the case. In this opinion the parties will be referred to as in the trial court, that is, H. Douglas Willard and Jack W. Gillespie as plaintiffs and Arvin Claborn and Lincoln American Life Insurance Company as defendants.

This is a tort action for procuring the breach of a contract of insurance entered into by Manhattan Life Insurance Company and the insured, one Clifford Miller. The plaintiffs as agents for Manhattan Life procured the issuance of this contract of insurance.

Plaintiffs allege in their declaration defendant Arvin Claborn, as agent of Lincoln American Life Insurance Company, had full knowledge this contract of insurance with Manhattan had been completed and a check received for the first annual premium; that with this knowledge defendant Claborn induced insured (Miller) to breach the contract of insurance he had entered into with Manhattan and to enter into a contract of insurance with Lincoln American. It is alleged insured was induced to breach his contract with Manhattan by defendant Claborn "willfully comparing these contracts of insurance and by inducement of a more satisfactory contract." The damages

alleged are expenses incurred in writing the Manhattan policy and commissions lost.

The second ground of the demurrer filed by the defendants is as follows:

2. Because the plaintiffs fail to disclose any relations to or connection between themselves and either of the defendants which imposes upon either of the defendants any duty owing by the defendants toward either of the plaintiffs at the time.

The trial judge, without comment, sustained the demurrer and dismissed the action.

The law prohibiting the unlawful interference with contractual relations is set forth in Restatement of Torts, Sec. 766. In comment K of that section the scope and coverage of this general rule is stated as follows:

"The person protected by the rule stated in this section is the specified person with whom the third person is caused not to deal. To subject the actor to liability under this rule his conduct must be directed to the diversion of custom from a specified person and must be so understood by those whom he seeks to influence. It is not enough that one lost custom as a result of the actor's conduct. Thus, if A induces B not to deal with C, persons other than C who may have been harmed thereby, as for example his employees or suppliers, are not within the scope of the protection afforded by this rule." Restatement of Torts-Sec. 766.

At the threshold it should be noted the party to this contract of insurance (Manhattan Life) injured by its breach is not a party to this suit. The plaintiffs, not being parties to the contract of insurance, must show

such interest in the contract as would entitle them to maintain an action at law upon the contract; for in no other way could there exist a duty owing by the defendants to the plaintiffs.

In the case of *Scott v. Louisville and Nashville R. Co.*, 170 Tenn. 563, 98 S.W.2d 90 (1936), the Court held an agent, who made a contract for the sale of coal for a disclosed principal, was not entitled to maintain an action against the buyer for breach of contract since the agent had no special interest, or property, in the subject matter of the contract. The Court concluded the agents right to commission from the sale was not in the nature of a property interest in the contract since it arose from the agents power to make the sale and not from the subject matter of the contract.

In Restatement of Agency, Sec. 377, Par. 2 we find the following:

"as agent does not have such an interest in a contract as to entitle him to maintain an action at law upon it in his own name merely because he is entitled to a portion of the proceeds as compensation for making it or because he is liable for its breach."

The plaintiffs in the case at bar, as agents of the insurance company, would receive a commission from the sale of this contract of insurance but this would give them no standing, under the law of agency, to maintain an action on the contract.

In regard to the rights of the plaintiffs as third party beneficiaries under this contract of insurance we find the following statement in *Eidson v. Hardware Mutual Casualty Co.*, 191 Tenn. 430, 234 S.W.2d 836 (1950):

'' 'In Tennessee the doctrine is firmly established that the beneficiary, though not a party to the contract, may maintain an action directly in his own name against the promisor, where such promise between the promisor and the promisee is made upon sufficient consideration for the benefit of the third party.' *Ruohs v. Traders' Fire Insurance Co.,* 111 Tenn. 405, 429, 78 S.W. 85, 91; *Title Guaranty & Trust Co. v. Bushnell,* 143 Tenn. 681, 689, 228 S.W. 299, 12 A.L.R. 1512; *Bedford County v. Nashville, C. & St. L. Railroad Co.,* 82 Tenn. 525; *McCarty v. Blevins,* 13 Tenn. 195, 196; *Moore v. Stovall,* 70 Tenn. 543; *O'Conner v. O'Conner,* 88 Tenn. 76, 12 S.W. 447, 7 L.R.A. 33; *Thompson v. Thompson,* 71 Tenn. 126; *Mills v. Mills,* 40 Tenn. 705, 711; *Lookout M. Railroad Co. v. Houston,* 85 Tenn. 224 [2 S.W. 36].'' 191 Tenn. 439, 234, S.W.2d 840.]

In *Eidson v. Hdw. Mutual,* supra and the cases cited therein the terms of the contract itself or the circumstances surrounding its execution clearly indicate the contract was intended to operate for the benefit of some third person. In the case at bar there is nothing in this contract of insurance or in the circumstances surrounding its execution to indicate it is intended to operate for the benefit of plaintiffs.

In contracts there are essentially three types of third party beneficiaries. First, where the performance of the promise will constitute a gift to the beneficiary; the beneficiary is a donee beneficiary. Second, if no purpose to make a gift appears from the terms of the contract and the performance of it will satisfy an actual or supposed asserted duty of the promisee to the beneficiary; the beneficiary is a creditor beneficiary. Third, in all other cases

the beneficiary is deemed to be an incidental beneficiary. See Restatement of Contracts, Sec. 133.

The performance of this contract of insurance would constitute no gift to the plaintiffs nor would it satisfy any duty, actual or otherwise, of the promisee to the plaintiffs. To this contract plaintiffs stand as incidental third party beneficiaries in that by its performance they would receive a commission.

An incidental beneficiary acquires no rights against the promisor or the promisee by virtue of the contract. Restatement of Contracts, Sec. 147; *Gulf Compress Co. v. Harris C & Co.,* 158 Ala. 343, 48 So. 477, 24 L.R.A.N.S. 399 (1908), and *Woodhead Lumber Co. v. E. G. Neiman Investments,* 99 Cal.App. 456, 278 P. 913 (1929).

Although what we have said above applies to the rights of agents or third party beneficiaries to maintain an action on the contract itself we think, if an agent has no such interest in the contract as to enable him to maintain an action at law upon the contract, or if a donee, creditor or incidental beneficiary has no such interest in the contract as to enable him to maintain an action at law upon the contract, then they will likewise be precluded from maintaining a tort action for unlawfully inducing the breach of said contract.

Judgment affirmed.

BURNETT CHIEF JUSTICE, and CHATTIN, CRESON and HUMPHREYS, JUSTICES, concur.