**Donna Ferguson ABRAHAM, Plaintiff-Appellant,**

v.

**KNOXVILLE FAMILY TELEVISION INC., d/b/a WKCH TV-43, and Media Central, Inc., Defendants-Appellees.**

Court of Appeals of Tennessee, Eastern Section.

April 21, 1988.

Permission to Appeal Denied by Supreme Court Aug. 22, 1988.

Herbert S. Moncier and Ann C. Short, Knoxville, for plaintiff-appellant.

Willis Jackson, Jr., Knoxville, for defendants-appellees.

## OPINION

SANDERS, Presiding Judge.

Plaintiff has appealed from a summary judgment dismissing her complaint for wrongful discharge from her employment.

In 1983 the Defendant-Appellee, Knoxville Family Television, Inc., d/b/a WKCH TV-43, (hereinafter WKCH) was authorized to own and operate a commercial television station in Knoxville. Before beginning operations it entered into a management contract with Defendant-Appellee Media Control, Inc. (hereinafter Media) to assist and advise in the management of the station. Media's duties and services were to include development and implementation of plans for "(a) The programming to be broadcast on the Station; (b) The sale of advertising time on the Station; (c) The promotion of the Station; (d) The employment of personnel for the Station; (e) Internal accounting, control, and reporting procedures; (f) Billing and collecting procedures; (g) The technical operation of the Station; (h) Acquisition and maintenance of furniture, furnishings, equipment, and supplies; (i) Contracting for utilities; (j) Insurance programs, including policies for fire and casualty, group life, and health and hospitalization insurance; (k) The steps needed to assure compliance with the rules, regulations, and policies of the Federal Communications Commission and other governmental agencies."

In November, 1983, the Plaintiff-Appellant, Donna Ferguson Abraham, was employed by WKCH as promotion manager of the station. The Plaintiff continued in this position until March 4, 1985, when she was terminated, which precipitated this litigation. She filed suit in the circuit court against the Defendants, alleging she was wrongfully discharged from her employment and she was discharged without cause, and she asked for damages from both Defendants. She does not contend she had an employment contract with WKCH, but she contends the management contract between WKCH and Media provided employees of WKCH could be discharged only for "cause" and, as an employee of WKCH, she is a third-party beneficiary of the contract and entitled to maintain this suit. As pertinent here, she alleges in her complaint:

On March 4, 1985, Defendants, through their authorized agents and employee, the new general manager, breached the employment agreement on their part and without any right or cause whatsoever discharged Plaintiff from her employment and refused to permit her to continue.

The official reason given to Plaintiff for her discharge was not fitting into the plans of the new general manager at television station WKCH TV-43.

Plaintiff avers that the termination of her employment was without just or sufficient cause.

Plaintiff avers that the requirements of just and sufficient cause is [sic] a prerequisite to termination of her employment and that she is a third-party beneficiary of the management agreement between Defendants, pursuant to which a station employement [sic] may be discharged only for cause.

The Defendants, for answer, admitted the Plaintiff had been employed and discharged. They admitted they had entered into a contract pertaining to matters relating to programing sale of advertising and promotion of the station. They alleged the Plaintiff was an employee at will and denied she could be terminated only for "cause." They further denied Plaintiff was a third-party beneficiary under the contract. Subsequently Defendants filed a motion for summary judgment. In their motion for summary judgment they alleged the contract between them was to define the relationship between them and to facilitate their performance under it. They further alleged that as a matter of law the

Plaintiff was at best an incidental beneficiary of the contract between them and alleged there was no genuine issue of material fact.

In support of their motion the Defendants filed the affidavit of Mr. J. Daniel Sullivan who was general station manager of WKCH at the time the Plaintiff was hired and had charge of hiring and firing at the station. He hired the Plaintiff. He stated she was not offered an employment contract—no employees were hired under contract. All employees were "at will" employees. At the time she was employed there was a management contract between WKCH and Media. The contract was not intended to convey any type guarantees or benefits on employees.

Defendants also filed the affidavit of Don Kent who was secretary/treasurer of Media at the time Plaintiff was employed. He stated he was involved in the negotiations and execution of the management contract between WKCH and Media. The contract was intended to set out the mutual obligations of Media and WKCH and was not intended to confer any benefits upon any employees. The management contract between WKCH and Media was filed and the pretrial depositions of the Plaintiff and Arthur Lanham, General Manager of WKCH, were filed.

Plaintiff filed the counter affidavits of Norman Shipley, former production manager of WKCH, and Allan Pearson, former chief engineer of WKCH. Each of them supervised employees at WKCH and each stated they were advised they could not discharge any employee of WKCH except for cause.

The Plaintiff testified in her pretrial deposition that she did not sign a contract of employment while working for WKCH. She was never told by anyone at WKCH that she was a contract employee. She also testified she learned of a contract between WKCH and Media while she was working there but had never seen the contract. Shortly after she was employed she was given a copy of WKCH's policies and guidelines for employees which she read and understood.

Mr. Arthur Lanham testified in his pretrial deposition that he became general manager of WKCH on March 1, 1985, and he terminated the Plaintiff on March 4, 1985. He testified he terminated her because he did not think she had the talent, skills and organizational ability to handle the position she was in. He terminated her in favor of someone he felt could do a better job. He stated he felt he had cause to terminate her and he felt, as general manager, he had a duty not to terminate an employee except for cause.

Upon the hearing of the matter the court sustained the motion for summary judgment and dismissed the complaint. The Plaintiff has appealed, presenting the following issue for review: "Whether genuine issues of material fact exist, precluding the grant of summary judgment, regarding whether the Plaintiff should be permitted to enforce, as third-party beneficiary, the contractual agreement between Defendants that an employee may be discharged only for cause."

We think the real issue for determination is whether the contract between WKCH and Media was intended to operate for the benefit of the Plaintiff and other employees of WKCH or whether Plaintiff and other employees of WKCH are only incidental beneficiaries of the contract. "Whether a third-party beneficiary is merely an incidental beneficiary is a question of construction." 17 Am.Jur.2d *Contracts* § 308 at 734. The contract between WKCH and Media is 18 pages long. It has five sections and 35 sub-sections dealing with different subject matter. There is only one sentence in the entire contract upon which Plaintiff relies for her contention that she is a third-party beneficiary of the contract. Subsection 2.4 of the contract is as follows:

*Station Employees*, Media will recruit and hire, for and on behalf of the Owner, all the employees useful or necessary for the operation of the Station; such persons shall be employees of the Owner and not of Media. Each prospective employee who is to occupy a position with management responsibilities shall first

be approved by the Owner. Media will, subject to approval of the Owner, make provision for pay scales and benefits, training, assignments, and promotions. Under the direction of the Owner, Media will assure the effectuation of the Owner's equal employment opportunity program. *Any Station employee may be discharged for cause by the Owner, or by Media with the consent of the Owner.* (Emphasis ours.)

It is the last sentence in the paragraph above upon which Plaintiff relies. The contract is devoid of anything to indicate that sentence of the contract was intended to operate for the benefit of the employees of WKCH. Generally,

> The right of a third-party beneficiary to sue upon a contract depends, as a rule, upon whether the contract is for his direct benefit or whether his benefit under it is merely incidental, indirect, or consequential. A third person for whose direct benefit a contract was entered into may sue for breach thereof, but if the benefit is only incidental, he may not. It must appear, in order that a third person may derive a benefit from a contract between two other parties, that the contract was made and entered into directly or primarily for the benefit of such third person, and before he can avail himself of the exceptional privilege of suing for a breach of agreement to which he is not a party he must at least show that it was intended for his direct benefit.

17 Am.Jur.2d *Contracts* § 305 at 730.

In the case of *Willard v. Claborn,* 220 Tenn. 501, 419 S.W.2d 168 (1967) our Supreme Court, in addressing the right of third-party beneficiaries of contracts to sue on the contract, said:

> " 'In Tennessee the doctrine is firmly established that the beneficiary, though not a party to the contract, may maintain an action directly in his own name against the promisor, where such promise between the promisor and the promisee is made upon sufficient consideration for the benefit of the third party.' " (Citations omitted.)

Id. 419 S.W.2d at 169.

\*     \*     \*     \*     \*     \*

In contracts there are essentially three types of third party beneficiaries. First, where the performance of the promise will constitute a gift to the beneficiary; the beneficiary is a donee beneficiary. Second, if no purpose to make a gift appears from the terms of the contract and the performance of it will satisfy an actual or supposed asserted duty of the promisee to the beneficiary; the beneficiary is a creditor beneficiary. Third, in all other cases the beneficiary is deemed to be an incidental beneficiary. See Restatement of Contracts, Sec. 133.

Id. at 170.

Under the facts in the case at bar we find the Appellant to be an incidental beneficiary to the contract. The judgment of the trial court is affirmed and the cost of this appeal is taxed to the Appellant.

GODDARD and FRANKS, JJ., concur.