Dennis W. DUDLEY, Sr., and wife, Jennifer Dudley, and Dennis W. Dudley, Jr., Plaintiffs–Appellants,

v.

UNISYS CORPORATION and Ferguson Brothers, Inc., Defendants–Appellees.

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 29, 1992.

Application for Permission to Appeal Denied by Supreme Court March 22, 1993.

**436**

Jeffrey A. Garrety, Jackson, for plaintiffs-appellants.

Sadia S. Staton and Steven W. Maroney, Jackson, for defendant-appellee, Unisys Corp.

Floyd S. Flippin, Humboldt, for defendant-appellee, Ferguson Bros., Inc.

CRAWFORD, Judge.

Plaintiffs appeal from the order of the trial court granting summary judgments to each of the two defendants in separate suits consolidated for trial. In each case, plaintiff's only issue for review is whether the trial court erred in granting summary judgment. We will deal with the cases separately.

### Ferguson Case

Plaintiff's complaint against defendant Ferguson alleges that on July 28, 1988, plaintiffs, Dudley, Sr., and Dudley, Jr., were operating and riding as a passenger, respectively, on a motorcycle proceeding north on Highland Avenue at the intersection of Charjean Drive in Jackson, Tennessee. Plaintiffs aver that Ferguson Brothers, Inc., (hereinafter Ferguson) was a property owner operating the Exxon service station immediately adjacent to the south side of Charjean Drive and the east side of Highland Avenue. They allege that this defendant maintained on its property dangerous conditions which obstructed the sight distances of motorists driving vehicles upon Highland Avenue and Charjean Drive. The complaint further avers that Ferguson's landscaping and business signs obstructed the view of northbound motorists on Highland Avenue for motorists positioned at the intersection of Charjean Drive. The complaint alleges that this defendant was guilty of negligence by planning, constructing and maintaining an unreasonably dangerous condition on its property. Plaintiffs also allege that defendant violated Jackson City Ordinance, Sec. 21–27 which requires, among other things, that a portable sign must be set back a minimum of ten feet from the property line. They aver that these acts were the direct and proximate causes of a collision of the plaintiff's motorcycle and the vehicle of Lawrence Crane which was proceeding westwardly on Charjean.

Defendant Ferguson's answer denies the material allegations of the complaint and joins issue thereon and specifically denies that it maintained any dangerous conditions obstructing the sight distances at Charjean and Highland. It denies that it was guilty of negligence, denies that it violated any ordinance and denies that any negligence on its part was a direct and proximate cause of losses and damages sustained by plaintiffs. The answer further avers that the direct and proximate cause of the accident was the negligence of Lawrence Crane operating his automobile and the negligence of Dudley, Sr., in the operation of the motorcycle.

■ The record as relied upon by the parties in this appeal consists of two depositions and an affidavit of Lawrence Crane, the motorist involved in the accident, the deposition and affidavit of plaintiff Dudley, Sr., and the deposition of William Coltharpe, an accident reconstructionist presented by plaintiff.

Crane's testimony from his first deposition taken January 28, 1989, can be interpreted to be that he stopped at the stop sign at Charjean and Highland and then eased his automobile out into the intersection without stopping again. His affidavit, on the other hand, states that he stopped before entering the intersection at a point where his front bumper would have been even with the curb on Highland. Crane

maintains in all of his testimony that he never saw plaintiff before the accident, although he testified that there were no obstructions to his view looking southbound.

According to the deposition of Coltharpe, the stop sign for Charjean traffic was located about 27 to 28 feet east of the white fog line marking the east edge of Highland. The western most edge of one of the two Exxon signs was located 22 feet east of the fog line and the other sign was located approximately 24 feet from this line.

Plaintiff Dudley's affidavit states that Crane's vehicle stopped in a position where his face was blocked from view and that he started from that position and entered Highland without stopping again. He states that his visibility of Crane was obstructed by the defendant's signs to such an extent that he did not have additional time to react and avoid the collision. The affidavit also states that from a test drive it was determined that Crane's vision at the point where he stopped was obscured for traffic proceeding northerly on Highland.

Summary judgment is to be rendered by a trial court only when it is shown that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Tenn. R.Civ.P. 56.03. In ruling on a motion for summary judgment, the trial court and the Court of Appeals must consider the matter in the same manner as a motion for a directed verdict made at the close of the plaintiff's proof, that is, all the evidence must be viewed in the light most favorable to the opponent of the motion and all legitimate conclusions of fact must be drawn in favor of the opponent. It is only when there is no disputed issue of material fact that a summary judgment should be granted by the trial court and sustained by the Court of Appeals. *Graves v. Anchor Wire Corp. of Tenn.*, 692 S.W.2d 420 (Tenn.App. 1985); *Bennett v. Mid–South Terminals Corp.*, 660 S.W.2d 799 (Tenn.App.1983). Summary judgments are generally not appropriate in negligence actions and should only be granted when the inferences that may be drawn from uncontroverted facts are so certain that all reasonable persons must agree with them. *Wolfe v. Hart*, 679 S.W.2d 455 (Tenn.App.1984).

In *Evco Corp. v. Ross*, 528 S.W.2d 20 (Tenn.1975), Justice Harbison commented on the use of summary judgment.

> The summary judgment procedure was designed to provide a quick, inexpensive means of concluding cases, in whole or in part, upon issues as to which there is no dispute regarding the material facts. Where there does exist a dispute as to facts which are deemed material by the trial court, however, or **where there is uncertainty as to whether there may be such a dispute,** the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases, because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues. (Emphasis added).

528 S.W.2d at 24–25.

Based upon the record before us, in its present state, and the briefs of the parties filed in support thereof, it appears that summary judgment was inappropriate in this case and the case should be remanded for such further proceedings as are necessary.

### *Unisys Corporation Case*

Plaintiffs' complaint against Unisys Corporation, the employer of Lawrence Crane, alleged that an automobile reimbursement plan was a part of the contract of employment between Crane and Unisys and that by virtue of the plan, the employee (Crane) was provided funds with which he was required to purchase automobile liability insurance with minimum limits for personal injury in the amount of $100,000 per person and $300,000 per accident.

The complaint alleges that Crane failed to purchase the minimum limits of insurance coverage as required and that Unisys failed to take reasonable steps to insure that the insurance required was actually bought. Plaintiffs also aver that they are third party beneficiaries to the employment contract and that they should receive the

benefit of the bargain which would have resulted had Crane actually purchased the minimum limits of coverage required.

■ Plaintiffs argue that Unisys, by reimbursing their employee for the purchase of required limits of liability insurance coverage, had a duty to see that the required insurance was purchased. In support of this argument, they rely on Restatement (Second) of Torts § 324A (1965) which states:

> **Liability to Third Person for Negligent Performance of Undertaking**
>
> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

We find this reliance misplaced. Assuming, for the purpose of argument, that Section 324A is the law in this state, the section by its terms is not applicable to the case before us. There is no contention that Unisys' conduct caused or brought about losses, injuries and damages to the plaintiffs, but plaintiffs premise their claim against Unisys on the lack of sufficient assets to satisfy a judgment that might be obtained. Clearly, the loss contemplated by plaintiffs is an economic loss.

Section 324A explicitly provides for liability of the actor "to the third person for *physical harm.*" In construing statutes, the court must give effect to legislative intent which is fundamental and paramount. *Mercy v. Olsen,* 672 S.W.2d 196 (Tenn.1984). Legislative intent and purpose is to be ascertained primarily from the natural and ordinary meaning of the language used when read in context of the entire statute and without any forced construction to limit or extend the meaning. *Oliver v. King,* 612 S.W.2d 152 (Tenn.1981).

The words of this section of the Restatement clearly and unequivocally provide for recovery for physical harm proximately caused by the actor. In no way was there any physical harm caused to the plaintiffs by the action of Unisys in the case before us.

■ Plaintiffs next assert that they are third party beneficiaries of the contract between Crane and Unisys and should be allowed to enforce it. If we assume, for the purpose of argument, that plaintiffs' assertions are correct, where does that leave us? It is uncontroverted that Unisys agreed to pay Crane the amount needed to purchase insurance and that Unisys paid Crane this amount. Unisys, therefore, performed the contract. It is also uncontroverted that Crane failed to purchase the insurance which he agreed to purchase with the money received from Unisys. Therefore, Crane breached the contract. In this case, plaintiffs are trying to enforce the contract against one who has performed the contract and not against the one who has breached it.

■ Plaintiffs also must fail on their assertion that they can enforce the contract as third party beneficiaries. They assert that the decision of this Court in *Waddell v. Davis,* 571 S.W.2d 844 (Tenn.App.1978), supports their position that they are third party beneficiaries and authorized to sue on the contract. We must respectfully disagree. In *Waddell,* suit was brought by a passenger in an automobile against the automobile owner's insurance agent for his alleged negligence in failing to obtain uninsured motorist coverage on the automobile. The trial court sustained the insurance agent's motion to dismiss and this Court, in reversing the trial court, noted: "The issue is whether the plaintiff, an injured passenger in the owner's automobile, can establish that she is a third-party beneficiary to the contract [to procure the insurance] between the owner and Davis [the insurance agent]." The Court said:

> We hold that if the plaintiff-passenger establishes that she would have been an

insured under the policy contracted for, she can maintain this action as a third-party beneficiary to the contract to obtain the insurance. If she would have been an insured under the policy contracted for, she would not be merely incidentally benefited by the contract to obtain the coverage because the contract to procure the coverage was made for the direct and immediate benefit of any person within the designation of an "insured" under the policy contracted for.

571 S.W.2d at 848.

*Waddell* is clearly distinguishable on its facts. In the case before us, by no stretch of the imagination would plaintiffs have been insureds under any contract of insurance procured by Crane pursuant to Crane's contract with Unisys.

In *Willard v. Claborn*, 220 Tenn. 501, 419 S.W.2d 168 (1967), our Supreme Court said:

> In contracts there are essentially three types of third party beneficiaries. First, where the performance of the promise will constitute a gift to the beneficiary; the beneficiary is a donee beneficiary. Second, if no purpose to make a gift appears from the terms of the contract and the performance of it will satisfy an actual or supposed asserted duty of the promisee to the beneficiary; the beneficiary is a creditor beneficiary. Third, in all other cases the beneficiary is deemed to be an incidental beneficiary. See Restatement of Contracts, Sec. 133.

419 S.W.2d at 170.

In the case before us, Unisys' performance of the contract in paying for Crane's insurance premium constitutes no gift to plaintiffs, nor would it satisfy any duty of Crane to plaintiff. Thus, if plaintiffs are third party beneficiaries, they are incidental beneficiaries and an incidental beneficiary acquires no rights against the promisor or the promisee by virtue of the contract. *Willard v. Claborn*, 220 Tenn. 501, 419 S.W.2d 168 (Tenn.1967). Although the trial court ruled correctly in granting summary judgment, it did so apparently based on an erroneous reason. When a trial court rules correctly but upon an erroneous reason the appellate court may sustain the ruling upon what it conceives to be the correct theory. *Cannon Mills, Inc. v. Spivey*, 208 Tenn. 419, 346 S.W.2d 266 (1961).

In summary, the order of the trial court granting summary judgment to defendant Ferguson Brothers, Inc., is reversed and the case is remanded to the trial court. The order of the trial court granting summary judgment to defendant Unisys Corporation is affirmed. Costs of appeal are assessed one-half to plaintiffs-appellants and one-half to defendant Ferguson Brothers, Inc.

HIGHERS and FARMER, JJ., concur.