**FIRST TENNESSEE BANK NATIONAL ASSOCIATION, Plaintiff/Appellant,**

v.

**THOROUGHBRED MOTOR CARS, INC., Defendant/Appellee.**

Court of Appeals of Tennessee, Western Section, at Nashville.

March 22, 1996.

Application for Permission to Appeal Denied by Supreme Court Sept. 9, 1996.

John S. Hicks and Katherine A. Brown, Baker, Donelson, Bearman & Caldwell, Nashville, for plaintiff/appellant.

Robert E. Boston and David E. Lemke, Waller, Lansden, Dortch & Davis, Nashville, for defendant/appellee.

HEWITT P. TOMLIN, Jr., Senior Judge.

First Tennessee Bank National Association ("plaintiff") filed suit in the Chancery Court of Davidson County against Thoroughbred Motor Cars, Inc. ("defendant") seeking to recover damages incurred as a result of defendant's alleged breach of an asset purchase agreement to which it claimed to be a third party beneficiary. Defendant filed a motion to dismiss pursuant to T.R.C.P. 9.01 and 12.02(6), contending that plaintiff's complaint failed to state a claim upon which relief could be granted because it was not a party or an intended beneficiary of the asset purchase agreement and therefore lacked standing to sue under the agreement. The trial court granted defendant's motion to dismiss. On appeal the only error presented by plaintiff is whether the trial court erred in granting defendant's motion. We hold it did not and affirm.

Mooneyham Investment Corporation, Inc. ("Mooneyham") operated an Audi automobile dealership which in due course of events sought relief under Chapter 11 of the Bankruptcy Code. During bankruptcy, defendant and Mooneyham entered into an asset purchase agreement pursuant to which defendant agreed to purchase Mooneyham's inventory of new and demonstrator vehicles, parts and accessories, inventory, tools, records, licenses, and goodwill in connection with the dealership. Plaintiff had a perfected first priority security interest in virtually all of the assets that were the subject of the purchase agreement.

Following the execution of the agreement by Mooneyham and defendant, several disagreements developed between the parties, and as a result defendant purchased only the Audi goodwill and a few of the automobiles owned by Mooneyham when the transaction was closed. This suit followed, in which plaintiff sought to recover from defendant the difference in the purchase price set out in the original agreement and the amount actually received by Mooneyham, plus expenses.

Defendant filed a motion to dismiss pursuant to T.R.C.P. 9.01 and 12.02(6) on the grounds that plaintiff asserted a breach of a contract to which it was neither a party nor an intended beneficiary, and further that the plaintiff failed to state a claim for which relief could be granted against defendant. In granting defendant's motion, the trial court found that plaintiff was not a party or signatory to the agreement under which it sought to recover damages from defendant, and of more importance that it was not the intent of Mooneyham or defendant that the

agreement was for the benefit of plaintiff and therefore, plaintiff was not a third party to the beneficiary to the agreement.

■ In considering a Rule 12.02(6) motion to dismiss, we are required to take the allegations of the complaint as true, and to construe the allegations liberally in favor of the plaintiff. *Pemberton v. American Distilled Spirits Co.*, 664 S.W.2d 690, 691 (Tenn.1984). As a general rule, one may not sue on a contract to which he is not a party unless the contract was made for his benefit. *Campbell v. American Limestone Co.*, 109 F.Supp. 741, 747 (E.D.Tenn.1951), *aff'd*, 201 F.2d 670 (6th Cir.1952). *See also Title Guaranty Co. v. Bushnell*, 143 Tenn. 681, 228 S.W. 699, 701 (1921).

In 1967, our supreme court first announced the test to be used to determine whether a person claiming to be a third party beneficiary should also be permitted to enforce a contract. *Willard v. Claborn*, 220 Tenn. 501, 419 S.W.2d 168, 170 (1967). The court stated

In contracts there are essentially three types of third party beneficiaries. First, where the performance of the promise will constitute a gift to the beneficiary; the beneficiary is a donee beneficiary. Second, if no purpose to make a gift appears from the terms of the contract and the performance of it will satisfy an actual or supposed asserted duty of the promisee to the beneficiary; the beneficiary is a creditor beneficiary. Third, in all other cases the beneficiary is deemed to be an incidental beneficiary.

*Id.* Under this formulation, a donee or creditor beneficiary has the right to enforce contracts made by others for her benefit. However, incidental beneficiaries do not have that right. *Id.*

■ Today, Tennessee recognizes two categories of third party beneficiaries, intended and incidental. Only if a party is an intended beneficiary may it maintain an action to enforce the contract. *Moore Construction Co. v. Clarksville Department of Electricity*, 707 S.W.2d 1, 9 (Tenn.App.1985). In order to establish that plaintiff is an intended beneficiary to the sales agreement in this case, it must establish (1) a valid con-

tract made upon sufficient consideration between the principal parties and (2) the clear intent to have the contract operate for the benefit of a third party. *United American Bank of Memphis v. Gardner*, 706 S.W.2d 639, 641 (Tenn.App.1985). Intent to benefit may be shown if "there is either an expression in the contract that the contracting parties intended to benefit the third party (the 'intent to benefit' test) or proof that the promisor's performance would otherwise discharge a duty owed to a third party beneficiary by the promisee (the 'duty owed' test)." *Moore Construction*, 707 S.W.2d at 9 (citing *Restatement (Second) of Contracts* § 302 (1979)).

■ The middle section of this court in *Moore Construction* spelled out the burden placed upon the plaintiff in this case:

Since the law presumes that a contract has been executed for the benefit of the parties thereto, a person claiming to be an intended beneficiary has the burden of proving from the terms of the contract itself or the circumstances surrounding the contract's execution that he is entitled to recover. Each case must be decided on its own unique facts considered in light of the specific contractual agreements and the circumstances under which they were made.

*Id.* at 9–10 (citations omitted).

■ It is undisputed that plaintiff was never a party to the sales agreement. Plaintiff relies upon two paragraphs in the agreement in order to carry its burden that it was an intended third party beneficiary. Paragraph 4(b) of the agreement reads, in pertinent part:

At the Closing, Buyer shall pay to Seller or its representatives, as may be required by applicable provisions of the Bankruptcy Code, the purchase price for the Assets as provided herein. *The total purchase price shall be paid to First Tennessee Bank National Association ("Bank") in exchange for the release by Bank of its first priority liens and security interests in the Assets.* (emphasis added)

The second paragraph relied upon by plaintiff is Paragraph 9(k), which reads as follows:

*Earnest Money.* Upon the execution of this Agreement, Buyer will deposit with Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, a Professional Corporation ("HDBAWK") the sum of $25,000.00 to be held in escrow by HDBAWK, pending the Closing. In the event Buyer fails or refuses to close for any reason other than the default by Seller or the failure of Audi to provide necessary approvals within 120 days this Agreement and Buyer's reasonable request for a change in sales location, *then such sum shall be delivered by HDBAWK to Bank and treated as liquidated damages to Seller....* (emphasis added)

Addressing the first of the two above-quoted provisions, we note that it is undisputed that plaintiff had a perfected, first priority security interest in all of the assets of Mooneyham described in the agreement. In another provision of the agreement, Mooneyham obligated itself to convey the assets "free and clear of all liability, liens and encumbrances." We note also that the agreement called upon the defendant to pay the purchase price to Mooneyham, not to plaintiff. Inasmuch as the agreement required Mooneyham to convey the property to defendant with a clear title, which would require Mooneyham to tender sufficient funds to plaintiff to release the assets from plaintiff's security interest, this arrangement does not in our opinion remotely establish that the agreement was clearly intended "for the benefit of plaintiff." The agreement did not create a duty on the part of the defendant to satisfy Mooneyham's obligation to plaintiff. Paragraph 3 of the agreement reads in pertinent part as follows:

Defendant will not assume and will not discharge or be liable for any debts, liabilities, or obligations of [Mooneyham], including, without limitation any (a) liabilities or obligations of [Mooneyham] to its ... lenders....

In this case, defendant simply acknowledged that the purchase price for the assets would be paid over to plaintiff to release its liens.

In our opinion, the liquidated damage clause of the agreement is even less supportive of plaintiff's contention. This clause would only come into play by virtue of a breach of the agreement, not by its consummation. Furthermore, the clause provides that the money in escrow was to be treated as liquidated damages to *Mooneyham,* not plaintiff.

There is further evidence in the agreement that demonstrates to this court that the parties did not intend to benefit any third party. Paragraph 9(b) states that the agreement shall be binding only the parties, their heirs, successors and assigns, and legal representatives. Paragraph 9(c) provided that changes in the agreement could be made only in writing signed by both parties. We find no amendments to the sales agreement in the record. Similar language has been held to demonstrate that the terms of the contract were intended only to benefit the parties to the contract. *Davidson & Jones Dev. Co. v. Elmore Dev. Co.,* 921 F.2d 1343, 1357 (6th Cir.1991).

It is undisputed that plaintiff occupied the position of a secured creditor of Mooneyham. Although it is apparent that defendant was aware of plaintiff's status as a creditor and that it was Mooneyham's intention to pay the sale proceeds over to plaintiff for the purpose of giving defendant clear title to the assets being sold, this would not constitute evidence of a "clear" intent to favor plaintiff as a beneficiary under the sales agreement. This court dealt with this contention in *United American Bank v. Gardner,* 706 S.W.2d 639 (Tenn.App.1985), stating:

If we were to hold in this instance that a mortgage holder was an intended third party beneficiary of a contract between a purchaser and a title company or a title insurance company and its agent, logic would require us to also hold that as a matter of law, a mortgage holder, without more, is an intended third party beneficiary of every contract for the sale of encumbered property which supposedly would entitle the mortgagee to bring a suit for specific performance if the buy-sell agreement were breached.

*Id.* at 642.

The judgment of the trial court is affirmed in all respects. Costs on appeal are taxed to

**932**

plaintiff, for which execution may issue if necessary.

CRAWFORD, P.J., and HIGHERS, J., concur.